In re Donald O. TOWNS, Marian G. Towns, Debtors.

Donald O. TOWNS and Marian G. Towns, Plaintiffs,

v.

POSTAL FINANCE COMPANY, Defendant.

In re Charles A. DILLOW, Maria E. Dillow, Debtors.

Charles A. DILLOW, Maria E. Dillow, Plaintiffs,

v.

POSTAL THRIFT LOANS, INC., Defendant.

In re Gary HILL, Patricia Hill, Debtors.

Gary HILL, Patricia Hill, Plaintiffs,

v.

POSTAL THRIFT LOANS, INC., Defendant.

Bankruptcy Nos. 80–04376, 80–02245 and 80–02241.
Adv. Nos. 81–0269, 81–0513 and 81–0514.

United States Bankruptcy Court, N. D. Iowa.

Feb. 8, 1982.

Robert B. Deck, Sioux City, Iowa, for Towns.

A. Frank Baron, Sioux City, Iowa, for Postal Finance.

Michael C. Dunbar, Waterloo, Iowa, for Dillows & Hills.

Kjas T. Long, Cedar Falls, Iowa, for Postal Thrift.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDERS, with MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

The matters before the Court are three adversary proceedings, which were consolidated to consider a common question of law, namely, whether the Court will consider a § 522 lien avoidance complaint filed after the debtor has been granted a discharge. Two fact patterns are presented by these cases. In the first case, the debtors filed their § 522 complaint after their discharge but before the creditor had filed a replevin action or had taken any other action to realize on that creditor's security. In the remaining two cases, the debtors filed their § 522 complaints after their discharges but following the filing of replevin actions by their creditors.

In Adversary No. 81–0269, Donald O. and Marion G. Towns, the Plaintiffs/Debtors, were represented by Attorney Robert B. Deck, Sioux City, Iowa, and Postal Finance Company, the Defendant, was represented by Attorney A. Frank Baron, Sioux City, Iowa.

In Adversary No. 81–0513, Charles A. Dillow and Maria E. Dillow, the Plaintiffs/Debtors, were represented by Attorney Michael C. Dunbar, Waterloo, Iowa, and Postal Thrift Loans, Inc., the Defendant, was represented by Attorney Kjas T. Long, Waterloo, Iowa.

In Adversary No. 81–0514, Gary and Patricia Hill, the Plaintiffs/Debtors, were represented by Attorney Michael C. Dunbar, 524 (W.Mo.1976); *In re Magouirk,* 16 B.R. 883 at 884 (9th Cir. Bkrtcy.App. 1982). As cause, Patterson points at the debtor's failure to include Patterson's correct current address, so that it could receive timely notice of the bar date.

## FINDINGS OF FACT

I. SECTION § 522(f) COMPLAINT FILED AFTER DISCHARGE BUT BEFORE COMMENCEMENT OF REPLEVIN ACTION.

*In re Donald O. and Marian G. Towns*

(Adversary No. 81–0269)

1. On November 12, 1980, Donald O. and Marian G. Towns filed a voluntary Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code.

2. Pursuant to 11 U.S.C. § 522(d), the Towns claimed certain household goods and furnishings as exempt property. Objections to the Debtors' claim of exemptions was timely filed by the Trustee in Bankruptcy.

3. The Debtors received a Discharge in Bankruptcy on February 9, 1981.

4. The Hearing on the Objections to Exemptions came before the Court on March 25, 1981. On April 28, 1981, an Order was entered overruling the Trustee's Objections to the Debtors' Exemptions.

5. On May 20, 1981, the Debtors filed a Complaint pursuant to § 522(f) of the Bankruptcy Code to avoid the security interest of the Defendant, Postal Finance.

6. Defendant Postal Finance filed its Answer alleging that the Debtors' Complaint to avoid lien was filed after the entry of Discharge and, therefore, was untimely filed and should be dismissed.

7. There was no reliance by Postal Finance and detriment to it occasioned by the filing of the Complaint by the Debtors after the granting of the Discharge.

8. Postal Finance Company has acted in good faith.

II. SECTION 522(f) COMPLAINT FILED AFTER DISCHARGE AND AFTER COMMENCEMENT OF REPLEVIN ACTION.

A. *In re Charles A. and Maria E. Dillow*

(Adversary No. 81–0513)

1. On September 18, 1980, Charles A. and Maria E. Dillow (hereinafter the "Dil-

lows") filed a voluntary Petition in Bankruptcy under Chapter 7 of the Code.

2. Pursuant to 11 U.S.C. § 522(d), the Dillows claimed certain household goods and furnishings as exempt property.

3. On December 10, 1980, the Court granted the Dillows their discharge.

4. On February 9, 1981, the estate was closed.

5. On July 28, 1981, Postal Thrift Loans, Inc. (hereinafter "Postal") commenced a state court replevin action against the Dillows on its nonpossessory, nonpurchasemoney security interest in some of their household goods and furnishings.

6. On August 17, 1981, the Dillows applied to this Court to reopen the case and separately filed a § 522(f)(2)(A) complaint to avoid Postal's security interest.

7. On August 31, 1981, Postal moved to dismiss the Dillows' § 522 complaint because it had not been timely filed and no good cause existed to allow the untimely motion.

8. Since Postal filed its state court replevin action before the Dillows filed their § 522(f) complaint, the Creditor Postal relied upon the Debtors' inaction and was prejudiced by the Debtors' failure to file a § 522(f) complaint until after Postal had commenced its replevin action in the State Court.

B. *In re Gary and Patricia Hill*

(Adversary No. 81–0514)

1. On September 16, 1980, Gary and Patricia Hill (hereinafter the "Hills") filed a voluntary Petition in Bankruptcy.

2. Pursuant to 11 U.S.C. § 522(d), the Hills claimed certain household goods and furnishings as exempt property.

3. On December 10, 1980, the Court granted the Hills their discharge.

4. On February 9, 1981, the estate was closed.

5. On July 28, 1981, Postal Thrift Loans, Inc. (hereinafter "Postal") commenced a state court replevin action against the Hills on its nonpossessory, nonpurchase-money security interest in some of their household goods and furnishings.

6. On August 17, 1981, the Hills applied to this Court to reopen the case and separately filed a § 522(f)(2)(A) complaint to avoid Postal's security interest.

7. On August 31, 1981, Postal moved to dismiss the Hills' § 522 complaint because it had not been timely filed and no good cause existed to allow the untimely motion.

8. Since Postal filed its state court replevin action before the Hills filed their § 522(f) complaint, the Creditor Postal relied upon the Debtors' inaction and was prejudiced by the Debtors' failure to file a § 522(f) complaint until after Postal had commenced its replevin action in the State Court.

## CONCLUSIONS OF LAW

1. Section 522(f) permits a debtor to avoid certain liens on exempt property.

2. A debtor seeking to avoid a § 522(f) lien must file a complaint with the court.

3. If the estate has been closed, the case may be reopened under § 350(b) to accord relief to the debtor.

4. A § 522(f) complaint, if sustained, will accord relief to the debtor by avoiding certain liens upon exempt property of the debtor.

5. The Court may reopen a case to hear a § 522(f) complaint if relief can be accorded the debtor.

6. Neither the Code nor the Rules establish a deadline for filing § 522 complaints.

7. Once a debtor in a Chapter 7 proceeding is granted his discharge, the automatic stay against the debtor's property is lifted pursuant to § 362(c)(2).

8. Once the automatic stay is lifted, the secured creditor has rights in the property subject to his security interest. The secured creditor may, inter alia, commence a replevin action to recover the property from the debtor.

9. If, subsequent to the debtor's discharge, the debtor files a § 522(f) complaint

before the creditor has relied on the debtor's failure to file a complaint, the Court will hear the § 522(f) complaint.

10. If, subsequent to the debtor's discharge, the creditor, in reliance upon the debtor's failure to file a § 522 complaint and acting in good faith, files a replevin action, and has incurred court costs and attorney's fees in reliance upon the Debtors' failure to file a § 522(f) complaint, the Court will not consider favorably the debtor's § 522(f) complaint since the debtor's failure to act has prejudiced the creditor.

## ORDERS

IT IS THEREFORE ORDERED that in Adversary No. 81–0269, In re Donald O. and Marian G. Towns, the Complaint was not untimely filed and relief should be granted to the Plaintiffs. In In re Charles A. and Maria E. Dillow, Adversary No. 81–0513, and in In re Gary and Patricia Hill, Adversary No. 81–0514, the Complaints should be denied and dismissed.

IT IS FURTHER ORDERED that the security interest of Postal Finance Company in the household goods, furnishings and appliances of Donald O. and Marian G. Towns be avoided pursuant to § 522(f)(2) of the Bankruptcy Code, the Court finding that the security interest of Postal Finance Company is a nonpossessory, nonpurchase-money security interest in exempt property and the security interest of Defendant Postal Finance Company impairs the exemptions of the Debtors in and to said property.

## MEMORANDUM

The issue before the Court is whether the Court will entertain a § 522 lien avoidance complaint filed after it has granted the debtor a discharge.

1. *See* H.R.No.595, 95th Cong., 1st Sess. 362 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

2. *Id.*

3. Section 405(d) as contained in Title IV of the Bankruptcy Reform Act of 1978, Pub.L.95–598 provides:

## DIVISION I

Section 522(f) of the Bankruptcy Code allows a debtor to avoid certain liens on exempt property. In particular, § 522(f)(2)(A) allows a debtor to avoid nonpossessory, nonpurchase-money security interests in a variety of property:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The purpose of § 522(f) is to protect the debtor's fresh start by permitting him to avoid certain liens on exempt property.[1]

The right of the debtor to avoid these liens is permissive; the liens are not avoided automatically. Section 522(f) says that a debtor "*may* avoid"; the legislative record speaks of "*permitting* [a debtor] to avoid" (emphasis added).[2] The debtor must take affirmative action to avail himself of his lien avoidance power. Bankruptcy Rule 701[3] provides:

The rules of Part VII govern any proceeding instituted by a party before a bankruptcy judge to ... (2) determine the validity, priority, or *extent* of a lien or other interest in property ... Such a proceeding shall be known as an adversary proceeding. (emphasis added.)

"The rules prescribed under section 2075 of Title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under Title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superceded by rules prescribed and effective under such section, as amended by section 248 of this Act."

Since the debtor seeking relief under § 522(f) may avoid certain liens on his exempt property only "*to the extent* that such lien impairs an exemption" (emphasis added), a lien avoidance proceeding shall be an adversary proceeding. Rule 703 provides that an adversary proceeding is commenced by filing a complaint with the court. The debtor must therefore file a § 522(f) complaint when seeking to avoid certain liens on his exempt property. *In re Adkins*, 7 B.R. 325 (Bkrtcy.S.D.Cal.1980); *In re Krahn*, 10 B.R. 770, 4 C.B.C.2d 461 (Bkrtcy. E.D.Wis.1981); *In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okl.1981).

### DIVISION II

In two of the cases before the Court, the Debtors have applied to reopen their cases so that they might file § 522(f) complaints with the Court.[4] The question is whether the Court will reopen a case to consider a § 522(f) complaint.

Section 350(b) provides that "(a) case may be reopened in the court in which such case was closed to administer assets, to *accord relief to the debtor*, or for other cause" (emphasis added). A § 522(f) complaint, if sustained, will accord relief to the debtor by relieving him of certain liens on his exempt property. This Court will reopen a case to hear a § 522(f) complaint if relief can be accorded the debtor.

Rule 515 provides that "[a] case may be reopened on application by the [debtor] or other person . . .". Rule 901(4) defines "application":

> 'Application' includes any request to the court for relief that is not a pleading or proof of claim. An application not made in open court shall be in writing unless a writing is excused by the court. An application for an order against another party may be required to be made by motion.

Since a debtor's application to reopen the case in order to file a § 522(f) complaint will result in a court order avoiding the security interest of his creditor if the court grants the application and sustains the complaint, the debtor must make the application to reopen the case by motion. Rule 914 provides:

> In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No responsive pleading is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons, complaint, and notice by Rule 704 . . .

The creditor is therefore entitled to receive service of the motion and an opportunity to file a resistance to the motion, requesting a hearing thereon.

### DIVISION III

The central issue before the Court is whether a debtor may file a § 522(f) complaint after receipt of a discharge.

Neither the Code nor the Rules have established a time limit for the filing of a § 522(f) complaint. Some courts have held that the failure of the Code and the Rules to establish a filing deadline permits the debtor to file a § 522(f) complaint at any time subsequent to his discharge (although some courts have suggested certain limiting principles). *In re Butler*, 5 B.R. 360, 363 (Bkrtcy.D.Md.1980); *In re Bennett*, 13 B.R. 643, 645 (Bkrtcy.W.D.Mich.1981) ("unless the creditor has been misled to his detriment by debtor's laches"); *In re Jerry Allen Gortmaker*, 14 B.R. 66, 68 (Bkrtcy.D.S.D. 1981); *In re Steven Jay Swanson*, 13 B.R. 851, 8 B.C.D. 13, 15 (Bkrtcy.D.Idaho 1981) (if "rights of the secured creditor are prejudiced by a delay on the part of a debtor in the assertion of these rights, . . . doctrine of laches can be applied"); *In re Baskins*, ¶ 68,352 C.C.H. B.L.R., 79,773. Other courts have held that a debtor may not file a

---

4. The third case, *In re Towns* (Adversary No. 81–0269), involves a § 522(f) complaint filed while the estate was still open. The discussion in Division II of this opinion therefore is not relevant to that case.

§ 522(f) complaint after he has obtained his discharge. *In re Adkins*, 7 B.R. 325, 327 (Bkrtcy.S.D.Cal.1980); *In re Krahn*, 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okl.1981).

The courts which have held that the § 522(f) complaint may not be filed subsequent to the Debtor's discharge have generally based their result on (i) the deadline established for reaffirmation agreements under § 524(c) and (ii) the need for some finality in bankruptcy proceedings.

Section 524(c)(1) provides that a debtor and creditor must enter into a reaffirmation agreement before the debtor obtains his discharge. The *Adkins*[5] court utilized this Code provision to support its conclusions that a debtor may not file a § 522(f) complaint after obtaining his discharge:

> It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement.

> Therefore, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing (which in this district is contemporaneous with the grant of discharge). At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation. *In re Adkins, supra* at p. 327.

The *Adkins* court also supports its conclusion that a debtor may not file a § 522(f) complaint after obtaining his discharge by stressing the need for some finality in bankruptcy proceedings. As the *Adkins* court

opined, "(it) is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action, and then decide what he wants to do." *In re Adkins*, 7 B.R., *supra* at p. 327.

It makes sense for a debtor to file a lien avoidance complaint prior to his discharge so that he can decide whether it is necessary to negotiate a reaffirmation agreement with the creditor regarding the property subject to a lien. But as another court noted in considering the *Adkins* text reproduced above, "(the) fact that it may be a debtor's best interest to avoid liens under § 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so." *In re Steven Jay Swanson*, 13 B.R. 851, 8 B.C.D. 13, 14 (Bkrtcy.D.Idaho 1981). Though the discharge date would be a rational deadline for the filing of a § 522(f) complaint, no rule has been promulgated establishing it as such.

Although the Court is concerned with the finality of bankruptcy proceedings, the Court will not adopt the *Adkins* court's conclusion that a debtor may never file a § 522(f) complaint subsequent to his discharge. However attractive such an absolute bar to post-discharge filing of a § 522(f) complaint would be in terms of promoting finality in bankruptcy proceedings, the Court will not read an absolute filing deadline into the bankruptcy scheme. To apply such a deadline in the Towns case would result in an inequitable result. Objections to the Debtors' exemptions had been filed and the Discharge was granted prior to a final ruling on the Debtors' exemptions. Thus, the Debtors were precluded from bringing a 522 complaint until it was determined what the Debtors' exemptions were. To deny the Debtors the right to file a 522 complaint because they were involved in litigation concerning their exemptions, as has been stated previously, is

---

5. In the *Adkins* case, the creditor had filed a replevin action after the debtor had been discharged. In response to that action, the debtor sought an injunction from the bankruptcy court to permanently enjoin his creditor from proceeding in state court against his encumbered, exempt property. The bankruptcy court refused to grant an injunction, concluding that a debtor may not file a § 522(f) complaint subsequent to his discharge.

clearly inequitable. Instead, the Court will look to the facts of each case to see if the creditor has relied on the debtor's failure to file a § 522(f) complaint. If the debtor has been granted a discharge and did not avoid the lien, and no other extenuating circumstances appear of record, and thereafter the creditor files a replevin action in good faith, the Court will deny the debtor relief upon the filing a § 522(f) complaint in response to the replevin action.

Under § 362(c)(2),[6] the automatic stay of replevin actions against exempt property subject to liens avoidable under § 522(f) is lifted once the debtor in a Chapter 7 case obtains his discharge. This Court is of the opinion that once the creditor has properly commenced a replevin action against the debtor's property, the debtor may not then request that the lien be avoided pursuant to § 522(f). By bringing its replevin action, the creditor has relied on the lifting of the stay against the debtor's property and will have incurred court costs and an attorney's fee. The Court feels that permitting the debtor to exercise his § 522(f) lien avoidance power at such a late date is unfair to a good faith creditor who relied on the lifting of the stay and the failure of the debtor to file a § 522(f) complaint.

It must be stressed that the debtor has total control over whether the envisioned race to the courthouse will ever occur. He may file his § 522(f) complaint prior to the discharge and assert his rights under § 522(f). If he does not exercise his rights prior to the discharge, however, he will run the risk of prejudicing the secured creditor and subjecting himself to a defense of laches upon the bringing of a complaint to avoid the lien.

█ To deny relief to the debtor, the record should show (1) a failure by the debtor to act promptly in asserting his rights under § 522(f) without good cause therefor; (2) reliance by the creditor on the debtor's failure to assert his rights and an assertion by the creditor of his rights against the property based on such reliance; and (3) a creditor who is acting, and has acted, in good faith.

For the reasons stated above, the Court concludes that the cases before it must be decided as follows:

1. *In re Donald O. and Marian G. Towns*

(Adversary No. 81–0269).

Since the estate is still open and no replevin action had been commenced by the secured party prior to the filing of the § 522(f) complaint, the Court will hear the Towns' § 522(f) complaint.

2. *In re Charles A. and Marcia E. Dillow*

(Adversary No. 81–0513)

3. *In re Gary and Patricia Hill*

(Adversary No. 81–0514)

Since in both cases the secured creditors commenced replevin actions after the debtors were discharged but before the debtors filed their § 522(f) complaints, the Court cannot accord the debtors relief and will not reopen their cases to consider their § 522(f) complaints. The Court, therefore, denies the applications of these Debtors to reopen their cases.

---

**6.** Section 362(c) of the Bankruptcy Code states:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.