In re William Arthur **MOSER** a/k/a **Bill Moser, f/t/a R.I.C. Mechanical Maintenance Co., and Lydia Ann Moser, Debtors.**

Bankruptcy No. 880–03023–20.

United States Bankruptcy Court,
E.D. New York
at Westbury.

Feb. 15, 1983.

Goldman, Horowitz & Cherno, Mineola, N.Y., for debtors; J. Ted Donovan, Hempstead, N.Y., of counsel.

Robert Topper, Melville, N.Y., for Chemical Bank.

## MEMORANDUM

ROBERT JOHN HALL, Bankruptcy Judge.

William Arthur Moser and Lydia Ann Moser (the debtors) moves this Court by an order to show cause dated December 23, 1982 to reopen their chapter 7 case that they might vacate a judicial lien based on 11 U.S.C. §§ 547 & 522(f)(1).[1]

The debtors filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. IV 1980) on June 3, 1980, were discharged of their debts on October 16, 1980 and had their case closed on October 27, 1980. During the pendency of their case, the debtors took no action to vacate the judgment lien Chemical Bank (Chemical) had acquired on the debtors' home by docketing a $9,157.14 judgment on or about March 14, 1980.

After their case had been closed, the debtors moved Suffolk Supreme Court to discharge the judgment and lien as of record pursuant to New York Debtor and Creditor Law Section 150(4). Upon the debtors' failure to satisfy the New York Court that the lien had been "invalidated" in the bankruptcy proceeding, the debtors were granted only a "qualified discharge". Under New York law that notation on the judgment docket indicates that the personal liability of the judgment debtor on the judgment has been extinguished, but that the lien remains. N.Y.Deb. & Cred.Law § 150(4) (McKinney Supp.1982–1983). That determination precipitated the instant motion.[2]

Section 350(b) of the Code provides:

[A] case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b).

Based in large part on the legislative history to this section,[3] the weight of authority is that absent a change in position by the judgment creditor, a case may be reopened for the purpose of commencing a proceeding to vacate a judicial lien under

---

**1.** The order to show cause also appeared to ask for the ultimate relief, *i.e.,* the vacatur of the lien. However, the request for such relief requires the commencement of an adversary proceeding, Bankruptcy Rule 701(2); *Towns v. Postal Finance Co.,* 16 B.R. 949, 953 (Bkrtcy.N.D.Iowa 1982) which requires the filing of a complaint, Bankruptcy Rule 703, and the issuance and service of a summons, *id.* at 704. There are many good reasons for this requirement, not the least of which is that the vacatur of a lien is a drastic remedy requiring the most formal notice and sufficient time to respond. Accordingly, inasmuch as the debtors failed to commence an adversary proceeding thereby failing to follow the prescribed procedure and creating a certain amount of ambiguity as to what they expected the Court to decide today, the Court will treat the debtors' motion only as a motion to reopen their estate.

**2.** The debtors are also appealing the New York Court's decision.

**3.** The House Report comment on this section provides:

Though the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long. H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6294.

section 522(f). *See, e.g., Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bkrtcy. S.D.Ohio 1982); *Holyst v. Diamond International,* 19 B.R. 14 (Bkrtcy.D.Conn.1982); *Towns v. Postal Finance Co.,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982); *Gortmaker v. Avco Financial Services,* 14 B.R. 66 (Bkrtcy. D.S.D.1981); *Associates Financial Services v. Swanson,* 13 B.R. 851 (Bkrtcy.D.Idaho 1981).

In the instant case, although the debtors' case has been closed for an inordinate length of time, Chemical offered no evidence to show that it has been prejudiced by the delay. Chemical apparently has taken no action in all that time to enforce its judgment lien. It can therefore not now be heard to complain of the debtors' delay.

As a final argument, Chemical asserts that the debtors' application to the New York Court under the Debtor and Creditor Law was an election of remedies precluding the relief now sought.

A simple reading of section 150 of the New York Debtor and Creditor Law dispels that claim. The section is clearly no more than a record clearing provision, *Graber v. Gault,* 103 A.D. 511, 93 N.Y.S. 76 (1905) which creates no substantive rights, *In re Weir,* 265 A.D. 837, 37 N.Y.S.2d 629 (2d Dep't 1942). If for only that reason, the debtors could not have "elected" it as a remedy: the only remedy lies in this Court.

Accordingly, the debtors' motion to reopen is granted that they might file a complaint to vacate Chemical's judicial lien.[4]

Settle order with the appropriate filing fee.

---

[4] While in the proper circumstances, as where summary judgment is appropriate, the Court might treat the papers before it as a complaint and answer and rule thereupon. *See, e.g., In re Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio 1982). In the instant case, however, factual disputes, such as the value of the debtors' property, preclude such a procedure. Consequently, the Court shall insist on the filing of a formal complaint.