**In the Matter of Gary Thomas McCABE, Beverly Sue McCabe, Debtors.**

**Bankruptcy No. 3–80–02914.**

United States Bankruptcy Court, S. D. Ohio, W. D.

May 21, 1981.

John R. Butz, Springfield, Ohio, for Thorp Credit, Inc. of Ohio.

Michael A. Catanzaro, Springfield, Ohio, for debtors.

Paul D. Malina, Springfield, Ohio, trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of an Objection to the above debtors' claimed exemption of certain property by Thorp Credit, Inc. of Ohio. The debtors claimed as exempt property in Schedule B–4 of their Petition household goods which they valued at $2,000.00. Thorp Credit, Inc., filed its Objection to this exemption on October 17, 1980, and a hearing was held on the objection on November 21, 1980. The Court requested and received legal memoranda from both parties. The following Order is based upon those memoranda, the record as it stands, and a stipulation of fact received at the hearing.

The facts as submitted to this controversy are not essentially in dispute. Thorp Credit, Inc. of Ohio has a nonpurchase-money, nonpossessory security interest in certain household goods and appliances owned by the McCabe's. (Exhibit A to Thorp Credit, Inc.'s Objection.) The value of the items is not certain. The debtors offered their opinion that no item is worth more than $125.00, and all items in the aggregate are not

worth more than $2,000.00; the creditor offered no evidence to rebut this valuation. For purposes of the instant controversy however, the parties have stipulated that no item of property is worth more than $400.00 and the aggregate is not worth more than $3,000.00.

The subject security interest was created prior to October 1, 1979. The debtors have expressed their intent to avoid the above creditor's nonpossessory, nonpurchase-money security interest in their household goods pursuant to 11 United States Code § 522(f).

The basis for Thorp Credit, Inc.'s Objection is, that to apply 11 U.S.C. § 522(f) to its security interest would constitute a retroactive application of the Bankruptcy Code to the security interest created prior to the enactment and effective date of the statute. This consequence, it is urged, would be a violation of Thorp Credit, Inc.'s rights to due process under the Fifth Amendment of the United States Constitution in that there would be a taking of property without compensation. The creditor cites the case of *Schulte v. Beneficial*, 8 B.R. 12 (D.Kan. Bkrtcy.1980) to support this proposition. Thorp Credit, Inc. further asserts that a proper application of the relevant exemption laws necessitates application of Ohio Revised Code Section 2329.661(C) which provides that the exemptions enumerated in O.R.C. § 2329.66(A) shall not impair valid security interests. The creditor cites *Panesky v. CIT Financial Services*, 5 B.R. 201 (Bkrtcy.N.D.Ohio 1980) to support this proposition.

While we acknowledge the well-reasoned opinions in the above cited cases we are constrained to disagree with their hold-ings.* Instead, we would direct attention to this Court's decisions in *Rutherford v. Associates Financial Services*, 4 B.R. 510, 3 Bankr.L.Rep. (CCH) ¶ 67,534 (Bkrtcy.S.D. Ohio 1980); and *Campbell v. AVCO Financial Services Company of Ohio*, 8 B.R. 425 (Bkrtcy.S.D.Ohio 1981) wherein we found that the retroactive application of 11 U.S.C. § 522(f) is not necessarily violative of a secured creditor's due process rights under the Fifth Amendment to the United States Constitution.

■ The retroactive application of the lien avoidance is a question of fact. Whether or not there is a constitutional violation is a question of the values of the claimed collateral and the true purpose of the security interest, as weighed against the avowed purpose of the Congress in setting off exemptions in non-purchase money liens for the paramount end of preserving and protecting the family institution. Without reiterating the rationale of the prior decisions of this court (as cited), for the sake of brevity, we again merely emphasize the legislative history of the statute in question and the long acknowledged truism that used household goods and furnishings ordinarily have no real financial value and that such collateral is employed for the sole purpose of frustrating and embarrassing an already distressed family unit in no position to replace such vital necessities. In short, retroactivity is a factual question; and constitutionality is not necessarily an issue.

As stated in *Rutherford*, 4 B.R. 510, at page 512:

"It is the opinion of this court that the basic inquiry should be into the type of collateral covered by a security agree-

* We note the decision of *In Re Rodrock, et al.*, by the United States Court of Appeals, Tenth Circuit, 642 F.2d 1193, CCH B.L.Rep. 2, ¶ 67,-900 (1981) which was entered after this case had been submitted on briefs. For some esoteric reason the holdings on the constitutionality of 11 U.S.C. § 522(f) seem to be split by the Mississippi river. West of the river, constitutionality has been generally denied; but, east of the river, the opposite result generally obtains. The decision in *Rodrock et al.* pronounces the "Western Rule" without first considering whether or not the presumption of the constitu-tionality of legislative purpose should be given suitable weight; or, whether deference to the legislative purpose can be judicially effected on factual analysis without striking down the statute summarily. The *ratio decidendi* proceeds from *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) in which the lien was upon valuable real estate worth at least 50% of the indebtedness—not household goods with at best only a nominal economic value. There is obviously a grave factual distinction.

ment and the impairment as postulated. The judicial focus is upon the practical aspects and the true purpose and effect of this agreement. In addition to the monetary aspects often mentioned, and even more crucial, is the permanence of the nature of the collateral and the long term purport of the agreement. Concomitantly, what was the real function of the security interest in the market place? Was value of the collateral a *sine qua non* to granting the loan, or was the agreement primarily intended to reduce the possibility of fickle defaults? In other words was the security intended essentially as psychological or sociological thrust, rather than purely economic? What was the ratio of loan repayments to the true market value of the collateral and its term value?"

The creditors who challenged the retroactive application of § 522(f) in the cited cases proffered the same arguments now urged by Thorp Credit, Inc. from the *Schulte and Panesky* cases above. We would also direct the creditor's attention to *Cox v. Blazer Financial Services, Inc.*, 4 B.R. 240 (Bkrtcy. S.D.Ohio 1980) wherein we considered the effect of Ohio Revised Code Section 2329.-661(C) on the availability of 11 U.S.C. § 522(f) in Ohio. There we found that Congress, through the provisions of 11 U.S.C. § 522(b), enabled the states to establish their own items and value of exempt property; however, this enabling legislation does not include any power to legislate the availability of lien avoidance in a bankruptcy context. Consequently, we found that O.R.C. § 2329.661(C) is not applicable in bankruptcy.

■ Looking to the facts *instanter* we are constrained to note a total value for the collateral which has been loosely and inexactly estimated as high as $3,000.00 in the aggregate. The amount of the loan balance is $2,336.08. Based upon these tentative figures the conclusion cannot be definitely drawn that the security interest was not taken for intended financial value, or that such value is insignificant when compared to protection of the family. To ascertain

and weigh judicially such factors requires an itemized inventory and disinterested appraisal.

Based upon the above cited decisions of this Court, we find that the above debtors may avoid Thorp Credit, Inc. of Ohio's non-possessory, nonpurchase-money security interest in the items of exempt property to the extent it impairs exemptions applicable to items of nominal financial value only.

Accordingly, it is hereby *ORDERED, ADJUDGED AND DECREED* that the within debtors may avoid Thorp Credit, Inc.'s lien pursuant to 11 U.S.C. § 522(f) and may claim as exempt property any of the collateral subject to the Thorp Credit security interest amenable to the provisions of O.R.C. § 2329.66(A), but applicable only to items of nominal financial value; and, that an itemized inventory and disinterested appraisal be submitted to implement this court's prior decisions in making a factual determination on the facts herein that bears constitutional muster.