In the Matter of Roy Baxter
CONLEY, Debtor.

Bankruptcy No. 3–79–01733.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 9, 1982.

Herman D. Arnovitz, Benjamin R. Shaman, Dayton, Ohio, for debtor.

John E. Breidenbach, Dayton, Ohio, George W. Ledford, Englewood, Ohio, for plaintiffs.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Debtor's "Motion to Cancel Judgments and Certificates of Judgment Against the Bankrupts" [*sic*] filed on 14 August 1981. The Motion essentially seeks avoidance under 11 U.S.C. § 522(f) of a judgment lien held by William Karns and Barbara Karns in the amount of $41,453.90. The Court held a hearing on 3 September 1981 to consider the Motion which both Debtor and the lien holders attended. Debtor filed his "Memorandum Brief in Support of Motion to Cancel Judgments and Judgment Certificates" on 18 September 1981. The lien holders filed a "Motion [to Dismiss] and Memorandum" on 9 November 1981. The following decision is based upon the parties' memoranda and the record.

The basic facts are not in controversy. Debtor filed his Petition in this Court on 15 October 1979. At the time of Debtor's Petition filing, Debtor's residence (owned jointly by Debtor and his wife), was subject to two pre-Petition perfected liens, namely a mortgage with an outstanding balance, as listed in the schedules of $11,283.34 and the subject, judgment lien, which is junior to the mortgage. Debtor's Motion also refers to a federal government tax claim, but the Court notes that this claim is not relevant to the instant issue of lien avoidance or subissue of the amount of Debtor's equity since, as indicated in the Internal Revenue Service's Proof of Claim, the tax claim is not secured by a pre-Petition lien, but it is to be treated as an unsecured priority claim under 11 U.S.C. § 507(a)(6). The Trustee abandoned the property on 22 January 1981 because "... Either the scheduled ... real property ... has been claimed as exempt; and/or said real property is subject to valid security interests and liens superior to the title and lien of the Trustee; and the Trustee has determined that the value of these items is less than the balance due and owing to the secured parties...."

Debtor alleges that the subject property has a value of "approximately" $25,000.00, "as indicated by your Trustee." Debtor contends that Debtor's one-half interest in the home ($12,000.00) minus one-half of the outstanding mortgage balance ($5,641.67)

leaves Debtor with $6,858.33 of equity. Debtor then argues "that the Bankrupt and his wife ... are each entitled to a homestead exemption, which, when added to the prior mortgage indebtedness ... and the tax lien [,] are greater than the Bankrupt's equity in said real estate, and therefore the Certificate of Judgment of the Karns [*sic*] is valueless."

The lien holders' response is twofold. First, it is contended that the Debtor's Motion should be "dismissed" because:

(1) the issue of lien avoidance should have been raised in adversarial rather than motion form;

(2) the Court does not possess personal jurisdiction over the lien holders because of the insufficiency of service of process;

(3) Debtor has failed to state a claim upon which relief can be granted;

(4) pursuant to Bankruptcy Rule 719, Debtor has failed to join necessary parties, specifically the prior mortgagee and Debtor's wife, co-owner of the home;

(5) Debtor should be equitably estopped from seeking avoidance of the instant lien because of the doctrine of laches, and

(6) a retroactive application of 11 U.S.C. § 522(f) to liens which arose prior to enactment of the Bankruptcy Code constitutes a denial of equal protection and a taking of property violative of the Fifth and Fourteenth Amendments of the United States Constitution.

In the alternative, it is urged that, if lien avoidance is permitted, Debtor should not be permitted to claim an exemption on behalf of his wife since she has not joined in Debtor's Petition.

■ The threshold question before the Court is whether Debtor has utilized the proper procedure to request avoidance of a judgment lien under 11 U.S.C. § 522(f). This Court's notice dated 15 October 1979 informed that "Complaints to Avoid Liens under § 522(f) will be scheduled for trial or pretrial upon filing of the complaint." It is the opinion of the Court that requests for lien avoidance are inherently adversarial in nature, (the Court notes the instant matter), and should for the sake of due process of law be properly handled through the more formal pleading processes afforded those matters deemed adversarial, as indicated in Bankruptcy Rule 701(2). Stated differently, however, the question *instanter* is whether this Court should nullify a proceeding initiated through a Motion, when that proceeding should properly have been initiated by a complaint filing, (Bankruptcy Rule 703), if the Court conducted a hearing identical to the hearing that would have been held had the matter been initiated by complaint, at which the would-be defendants presented full oral argument, and which was followed by the submission of written legal arguments representing both adversarial interests. It is the determination of the Court that, in the interests of expediency and equity, the Motion should not be dismissed for noncompliance with Bankruptcy Rule 703 since such dismissal would not merely result in an unjustifiable duplication of the instant proceedings.

■ The Court further finds that Debtor should not be estopped from a post-discharge action for lien avoidance under the doctrine of laches. Estoppel by laches should only be invoked in those situations where a claimant is attempting to accomplish something which should have already been done, but was not done because of culpable neglect, and which has resulted in prejudicial reliance by, or injury to, the other party or an innocent third party. See *Matter of Swanson*, 13 B.R. 851, 8 B.C.D. 13, 15, (Bkrtcy.D.Idaho 1981), citing 27 Am. Jr.2d § 169, P. 712. Premised in the allegation of laches is the contention that failure to raise a question of lien avoidance until after discharge is *per se* neglectful. Case law is divided regarding the question of the timeliness of a post-Petition request for lien avoidance under 11 U.S.C. § 522(f). For favorable view, see *In Re Swanson, supra; Matter of Baskins*, 14 B.R. 110, 8 B.D.C. 161 (Bkrtcy.E.D.N.C.1981); *In Re Gortmaker,*

14 B.R. 66, 8 B.C.D. 67 (Bkrtcy.D.S.D.1981). For unfavorable view, see *In Re Porter*, 11 B.R. 578, 7 B.C.D. 959 (Bkrtcy.W.D.Okla. 1981); *Matter of Krahn*, 10 B.R. 770, 7 B.C.D. 767, 11 C.B.C.2d 461 (Bkrtcy.E.D. Wisc.1981); *In Re Adkins*, 7 B.R. 325, 6 B.C.D. 997, 2 C.B.C.2d 1228 (Bkrtcy.S.D.Cal. 1980). It is the opinion of this Court that actions for lien avoidance under 11 U.S.C. § 522(f) are not barred by discharge. Although 11 U.S.C. § 522(i)(1) subjects recovery of transfers under 11 U.S.C. § 522(f) to the limitations of 11 U.S.C. § 550, 11 U.S.C. § 550 deals only with the right to recover property transferred to third parties prior to the time when the lien is avoided, and is thus inapplicable to the instant proceedings since Debtor has retained property title.

█ The question before the Court, therefore, is whether Debtor is nevertheless estopped by the doctrine of laches from requesting lien avoidance, since Debtor's request was initiated over a year after discharge was ordered. The Court finds on the facts that the delay in the instant case does not merit invoking estoppel by laches because (1) the delay was not within control of Debtor, but was the result of delays in the Trustee's administration of the estate, and, in particular, the late abandonment of the subject property, and (2) the lien holders have not substantiated detrimental reliance or prejudice resulting from Debtor's alleged "excessive inaction."

The lien holders have also alleged, without any elaboration, that "... the Court lacks jurisdiction over the Karns [*sic*] [due to] insufficiency of process." They apparently contend that Debtor's Motion was insufficiently served because Debtor served only one of their two attorneys. The Court finds this contention to be meritless (in light of the attendance of both counselors at the 3 September 1981 hearing).

██ The lien holders also contend that the Motion should be "dismissed" because of non-joinder of indispensable parties. It is the determination of the Court that, although neither the prior mortgagee nor the co-owner of the property took part in the instant proceeding, Bankruptcy Rule 719

does not prevent adjudication of the rights of the instant litigants. The Court can render complete relief among the litigants without impairing or prejudicing the interests of any nonparticipants. In this case, the nonparticipating parties, the co-owner and the mortgagee, are, respectively, either benefitted or not affected by Debtor's exercise of his avoidance power under 11 U.S.C. § 522(f). Since the exercise of Debtor's avoidance power is a discretionary individual right, parties who are not detrimentally affected by a Court finding in favor of lien avoidance are not required to be joined in the lien avoidance proceeding.

The lien holders also argue that "the avoidance of their lien violates their right to equal protection of the law under the Fourteenth Amendment to the United States Constitution." The Court does not believe that this is a proper framing of the issue. The Court first notes that, since Congress enacted the avoidance section in question, the Fourteenth Amendment is not directly applicable, since, by its own terms, the Fourteenth Amendment only restricts the conduct of the states. The same tests used to question the validity of state legislation under the Fourteenth Amendment, however, may also be used to test the validity of federal legislation under the due process clause of the Fifth Amendment. *N.L.R.B. v. Jones & Laughlin Steel Corporation*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1936); *Delaware Tribal Business Committee v. Weeks*, 430 U.S. 73, 97 S.Ct. 911, 51 L.Ed.2d 173, reh. denied 431 U.S. 960, 97 S.Ct. 2268, 53 L.Ed.2d 279 (1976); and *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1975). The ultimate question confronting the Court, therefore, is whether avoidance of the subject lien would be violative of the lien holders' right of equal protection of the laws under the Fifth Amendment due process clause.

█ The lien holders essentially contend that there is no basis for dissimilar treatment of judgment liens and junior nonavoidable security interests in the same property. It is not disputed that the economic value of nonavoidable security interests is

enhanced by the avoidance of superior judgment liens. For purposes of equal protection analysis, the Court finds that the property rights in question are not fundamental in nature, and the legislative classification in question is not suspect. Instead, the legislation in question falls within the area of social and economic regulation which is evaluated under the traditional equal protection tests. The legal issue before the Court, therefore, is whether there is a rational basis for the conceded dissimilar treatment of secured interests in the same property. The Court finds that the legislation in question is based upon the rational distinction between consensual security interests, typically voluntarily exchanged for contractual consideration, and judgment liens, which are forcibly obtained and unrelated to prior transactions between the parties. Further, the empowering of debtors with the right of judgment lien avoidance to the extent that exemptions are impaired is rationally related to the legitimate government objective of providing debtors with bare essentials for their post-Bankruptcy existence.

The Court is cognizant that the Tenth Circuit has found retroactive application of 11 U.S.C. § 522(f) to be a wholesale violation of the taking clause. *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10 Cir. 1981). It is the opinion of this Court, however, that the Tenth Circuit's conclusion of automatic, unequivocal unconstitutionality is too sweeping. Instead, as indicated by previous decisions of this Court, this Court believes that, for purposes of determination whether retroactive avoidance constitutes a deprivation of property violative of the taking clause, the threshold question should be whether there is, in fact, a property right with a genuine, tangible, monetary, or economic value. See *Matter of Rutherford, Jr.*, 4 B.R. 510, 3 B.L.D. ¶ 67,534 (Bkrtcy. 1980); *Matter of McCabe*, 12 B.R. 20 (Bkrtcy.1981). When previously presented to the Court, the question of the constitutionality of retroactive lien avoidance arose in the context of the avoidance of security interests which the Court determined were, in substance, not intended to give the secured party tangible, economic value from collateral, in that dominion over the property (household goods of rapidly declining value) was not contemplated. Instead, these security interests were taken as a collection device, and primarily served to give the secured parties leverage against the debtors to force collection of the debts by imposing a family hardship. In the instant matter, however, the collateral (real estate) possesses intrinsic monetary value which, unlike the value of consumer goods of short economic life, remains constant. See *Rutherford, supra.* Given the genuine economic value of the subject real estate, it is the finding of the Court that, on the facts, retroactive application of 11 U.S.C. § 522(f) to avoid the subject real estate lien would be an unconstitutional taking of property without just compensation, violative of the Fifth Amendment of the United States Constitution.

In this rationale, the decision of the United States Court of Appeals for the Third Circuit also seems overly broad, to sustain constitutionality, although the opinion reaches nearer to this Court's decision in *Rutherford.* This court admirably concluded as to a judgment lien on real estate that ". . . Since *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938) economic regulation has been sustained against substantive due process challenges if it rests upon a rational basis. Certainly the policy reflected in § 522(f)(1) is a rational resolution of the competing interests of debtors seeking rehabilitation and creditors seeking payment. Homestead exemptions created by state law successfully met constitutional challenges prior to the enactment of the Bankruptcy Act of 1898. Congressional authority to leave a debtor with what it considers to be the wherewithal necessary for a fresh start in economic life is at least as broad." *Commonwealth National Bank v. U.S.*, 669 F.2d 105 *(In re Ashe)* (3d Cir. 1982).

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that Debtor's request for lien avoidance is DENIED.