Emerson D. LUCAS, Jr., Patricia A. Lucas, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY OF OHIO, Herbert Ernst, Jr., Defendants.

In the Matter of Emerson D. LUCAS, Jr., Patricia A. Lucas, Debtors.

Bankruptcy No. 3–81–02254.

Adv. No. 3–81–0781.

United States Bankruptcy Court, S. D. Ohio, W. D.

March 3, 1982.

Richard S. Sutton, Dayton, Ohio, for defendant.

Joseph P. Moore, Vandalia, Ohio, for plaintiffs.

Herbert Ernst, Jr., Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon the above-named Debtors' "Complaint to Avoid Lien on Household Goods and Furnishings" filed on 17 November 1981. The Court held a pretrial to consider the matter on 7 December 1981. The parties subsequently submitted stipulations of fact. This decision is based upon the record, (as agreed by the parties).

The pertinent facts are not in controversy. Defendant loaned Debtors $2,753.39. The outstanding balance as of the Petition filing was $2,779.26 (inclusive of accrued interest). Defendant's loan is secured by a lien in all of Debtors' household furniture and furnishings, electrical and gas appliances, and other personal property. Defendant's lien was created prior to the effective date of the Bankruptcy Code. The aggregate value of the collateral is $400.00. The parties do not dispute that all of the collateral qualifies as exempt property under O.R.C. § 2329.66(A).

The basic issue before the Court is whether Debtors may avoid Defendant's pre-Code lien by retroactive application of 11 U.S.C. § 522(f)(2). Defendant cites *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10 Cir. 1981) and contends that retroactive application of 11 U.S.C. § 522(f) to avoid pre-Code liens constitutes a taking of property violative of the Fifth Amendment of the United States Constitution. Debtors respond that avoidance under the facts at bar is proper. *Rodrock* makes no exceptions, despite the facts.

This Court has considered the constitutionality of 11 U.S.C. § 522(f) on several occasions. See *Matter of Conley*, 17 B.R. 387 (Bkrtcy.S.D.Ohio, 1982); *Matter of*

*Campbell*, 8 B.R. 425 (Bkrtcy.S.D.Ohio 1981); *Matter of Rutherford, Jr.*, 4 B.R. 510, 3 B.L.D. ¶ 67,534 (Bkrtcy.S.D.Ohio 1980); and *Matter of McCabe*, 12 B.R. 20 (Bkrtcy.S.D. Ohio 1981). In these prior decisions the Court has concluded that the threshold test for determination of a taking of property is whether there exists a property right with a genuine, tangible, monetary or economic value. See *Conley, supra; Rutherford, supra*; and *McCabe, supra*. If the Court determines that the subject collateral in fact possesses intrinsic monetary value, then retroactive avoidance of that property interest would constitute an unconstitutional taking. See *Conley, supra*. If, on the other hand, the Court determines that the security interest was taken as a collection device "to reduce the possibility of fickle defaults" and not to secure the debt by contemplated dominion over the property, then retroactive application of 11 U.S.C. § 522(f) does not violate the taking clause since a property interest was never contemplated. See *Rutherford, supra*.

Even though respectable authority exists otherwise, this Court has not concluded that retroactive application of § 522(f)(1) is constitutional without reference to the facts, as found by the United States Court of Appeals for the Third Circuit in *Commonwealth National Bank v. U. S. (In Re Ashe)*, 669 F.2d 105 (3rd Cir.). The decision, nevertheless, is persuasive in the constitutional analysis, as follows:

"... The Taking Clause has nothing to do with legislation that, while it affects the existence or value of a property right, does not devote the property to public use. The question, then, is a narrow one: to what extent does the Due Process Clause of the Fifth Amendment place substantive limits upon the plenary grant of legislative authority in the Bankruptcy Clause of the Constitution.

Federal bankruptcy legislation is classic economic regulation legislation, and should be measured, absent a taking for public use, for substantive due process purposes by the standard generally applicable to such legislation. Since *United States v. Carolene Products Co.*, 304 U.S.

144 [58 S.Ct. 778, 82 L.Ed. 1234] (1938), economic regulation has been sustained against substantive due process challenges if it rests upon a rational basis. Certainly the policy reflected in § 522(f)(1) is a rational resolution of the competing interests of debtors seeking rehabilitation and creditors seeking payment. Homestead exemptions created by state law successfully met constitutional challenges prior to the enactment of the Bankruptcy Act of 1898. Congressional authority to leave a debtor with what it considers to be the wherewithal necessary for a fresh start in economic life is at least as broad."

It is the finding of the Court in the case at bar that avoidance of Defendant's lien is not violative of the Fifth Amendment taking clause. Although the Court agrees that, as indicated in *Rodrock v. Security Industrial Bank, supra*, retroactive application of 11 U.S.C. § 522(f) may be violative of the Fifth Amendment, the Court finds that the reasoning of *Rodrock* is inapplicable to the instant facts. See *Conley*. The collateral *instanter* constitutes consumer goods of rapidly declining value, and, as of the Petition filing, was worth less than one-seventh of the original principal. The security interest could not reasonably have been taken to guarantee repayment of the underlying debt. Instead, the instant transaction appears to be a typical consumer loan arrangement in which the security was taken to provide the creditor with leverage to enable collection of debt. Defendant has failed to present evidence to the contrary. The Court finds therefore that Debtor may avoid the subject lien to the extent of exemption impairment, which in this case is for the full value of the collateral.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's nonpossessory, nonpurchase money security interest is avoided.