**SOCIETY NATIONAL BANK OF THE MIAMI VALLEY successor by merger to The Springfield Bank, Plaintiff,**

v.

**Edward HAYNES, Bernice Haynes, George W. Ledford, Trustee, Defendants.**

**In the Matter of Edward HAYNES, Bernice Haynes, Debtors.**

**Bankruptcy No. 3–81–02398.
Adv. No. 3–81–0646.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

March 23, 1982.

Robert B. Pavlatos, Springfield, Ohio, for debtors/defendants.

Barry P. Reich, Springfield, Ohio, for plaintiff.

George Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon "Complaint to Object to Debtors' Avoidance of Lien" under 11 U.S.C. § 522(f). The Court tried the matter on 22 October 1981. The following decision is based upon the parties' briefs and the record.

This case presents the question of the constitutionality of the retroactive application of 11 U.S.C. § 522(f) to judgment liens which first arose during the "gap" period between the enactment and effective date of the Bankruptcy Code.* This Court has earlier held that retrospective avoidance of pre-Code judgment liens would violate the taking clause of the Fifth Amendment to United States Constitution if the collateral securing the judgment constitutes property with "genuine, tangible, monetary or economic value." *Matter of Lucas,* 18 B.R. 179 (Bkrtcy.S.D.Ohio, 1982); *Matter of Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio, 1982); *Matter of Campbell,* 8 B.R. 425 (Bkrtcy.S.D. Ohio, 1981); *Matter of Rutherford, Jr.,* 4 B.R. 510, 3 B.L.D. ¶ 67,534 (Bkrtcy.S.D.Ohio 1980); and *Matter of McCabe,* 12 B.R. 20 (Bkrtcy.S.D.Ohio 1981). The Court believes, however, that specific mention should be made of the recent case of *Commonwealth National Bank v. U. S. (In re Ashe),* 669 F.2d 105 (3d Cir. 1982) in which the Third Circuit concluded that 11 U.S.C. § 522(f) is constitutional without reference to the facts. For expansive discussion, see *Conley, supra* at p. 388.

It is ' the determination of the Court that the facts in the case at bar do not justify deviation from this Court's earlier decisions. Specifically, the record does not provide any basis for a finding that the instant judgment lien on real estate is distinguishable, (aside from the fact that it was filed during the "gap" period), from judgment liens earlier held to be nonavoidable. *Conley, supra; Lucas, supra.* This Court is of the opinion that retroactivity should be measured from a statute's effective date, and not the date of its enactment. Although the Court is cognizant of a body of case law to the contrary, (see *Matter of Ferguson,* 14 B.R. 1004 (Bkrtcy.W.D.Pa. 1981), and citations therein), this Court finds that the vesting of property rights should not be affected by enactment of a statute to be effective in the future. The Court further finds that even actual notice of a statute's enactment cannot alter the existence or substantiality of a vested property right of a type which the statute's future enforcement may impair.

IT IS HEREBY ORDERED that Plaintiff's judgment lien is nonavoidable. IT IS FURTHER ORDERED that Debtors are granted two weeks leave to amend their Plan conformably with the above decision.

---

* The Bankruptcy Code was enacted on 6 November 1978. Act of November 6, 1978, P.L. 95–598. The Code's effective date was 1 October 1979. Act of November 6, 1978, P.L. 95–598, § 402(a), 92 Stat. 2682.