Hugh W. BLEDSOE, Helen Maxine Bledsoe, aka Helen Maxine Howard, Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION, 25 South Detroit Street, Xenia, Ohio 45385, Defendant.

In the Matter of Hugh W. BLEDSOE, Helen Maxine Bledsoe, aka Helen Maxine Howard, Debtors.

Bankruptcy No. 3-81-02844.
Adv. No. 3-82-0441.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 4, 1983.

A.J. Wagner, Kettering, Ohio, for plaintiffs.

Stephen D. Miles, Dayton, Ohio, for defendant.

Jack F. Pickrel, Dayton, Ohio, for Trustee.

## FINDINGS OF FACT

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon "Complaint to Avoid Lien under 11 U.S.C. § 522(f)" filed by Debtors on 14 July 1982. The following decision is based upon the record, inclusive of the record in Debtors' case file which is judicially noticed herein.

The pertinent facts are not in controversy, and are stipulated, as follows:

1. Plaintiffs are the Debtors in the within liquidation proceeding under Chapter 7 of the U.S. Bankruptcy Code. Defendant is one of Plaintiffs creditors in the within liquidation proceeding. [The Court notes that Debtors' Petition was filed on 9 October 1981, and that the first Meeting of Creditors was held on 4 November 1981.]

2. On or about December, 1979, Plaintiffs entered into an installment loan agreement with the Defendant under the terms of which Defendant loaned to Plaintiff the sum of ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00).

3. Under the terms of the agreement, Plaintiffs granted Defendant a security interest in certain items of personal property consisting of household goods and furnishings and other property held in Plaintiff's possession primarily for personal, family or household use of the Plaintiffs, specifically consisting of: 4 chairs, 2 end tables, 2 lamps, with the approximate value of $200.00; 1 bedroom set with the approximate value of $75.00; a second bedroom set with the approximate value of $100.00; a third bedroom set with the approximate value of $80.00; a refrigerator with an approximate value of $150.00; a Cheiba TV with the approximate value of $120.00; a dining room set with the approximate value of $300.00; a stove with the value of $80.00; and a washer and dryer with an approximate value of $150.00. The parties stipulate that these items are exempt for the purposes of this proceeding.

4. No portion of the funds received by the Plaintiffs from the Defendants under the agreement were intended nor were used as purchased money for any of the items secured by the agreement.

5. Defendants lien upon Plaintiffs' property is a non-possessory, non-purchase-money security interest within the scope of Section 522(f) of the Bankruptcy code.

6. Plaintiffs filed their Petition for Bankruptcy on October 9, 1981. On January 13, 1982, Plaintiffs filed an amendment to Schedule A–2 to include the subject debt, listing therein as a non-secured debt. The bankruptcy action was discharged by this Court on January 28, 1982, but was reopened on June 18, 1982, upon Motion of Plaintiffs. On June 18, 1982, Plaintiff caused to be filed, an Intent to Avoid Lien and on or about June 30, 1982, Defendant filed an Objection to Lien Avoidance. Plaintiffs' Complaint to Avoid Lien was then filed on July 14, 1982, and Defendant's answer was filed August 3, 1982.

7. It is agreed between the parties that the only issue which lies before this Court is whether Plaintiffs' Intent to Avoid Lien and Complaint to Avoid Lien were timely filed.

The parties' arguments focus on this Court's practice for handling the avoidance of liens under 11 U.S.C. § 522(f). The local practice as elaborated in this Court's notice to Debtors dated 16 October 1981, is as follows:

Liens impairing exemptions to which Debtor(s) is (are) entitled will be considered avoided as provided by Section 522(f) of the Bankruptcy Code upon filing by Debtor(s) of a declaration of intent to take the advantage of such right. Such Declaration of Intent must be filed not later than thirty days after the date first set for the first Meeting of Creditors. Unless objections are filed to contest the matter, within 20 days after service upon the lienholder by the attorney for Debtor of the declaration of intent, such declaration of intent may be heard and an order entered by the Court *ex parte* without further notice and hearing, but an Order is not REQUIRED and if one is submitted and there is no contest the Declaration itself shall stand as the avoidance of the lien, and proposed orders may be discarded by the Clerk. If contested, the Debtor must file and serve a complaint to avoid lien within five days thereafter and all responsive pleadings must be filed within ten days thereafter. The hearing will be conducted at the same time as the discharge hearing, unless otherwise ordered by the Court.

Defendant apparently contends that Debtors' Declaration of Intent to avoid Defendant's lien was untimely because not filed within thirty days of the first meeting of creditors, as required by local practice of which Debtors were duly notified on 16 October 1981. Defendant apparently further contends that Defendant's timely objection to Debtors' untimely Declaration of Intent triggered the local requirement, also duly noticed within this Court's notice of 16 October 1981, that Complaints to avoid liens under 11 U.S.C. § 522(f) be filed within five days of the filing of an objection to a declaration of intent to avoid a lien pursuant to 11 U.S.C. § 522(f).

## DECISION

■ As a general rule, an action for lien avoidance is not barred by discharge of the debtor. See this Court's decision in *Matter of Conley,* 17 B.R. 387 (Bkrtcy.Ohio, 1982). See also *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167, 7 C.B.C.2d 739 (Bkrtcy.S.D.Ohio 1982), and citation therein; *In re Lee,* 21 B.R. 774 (Bkrtcy.E.D. Tenn.1982); *Matter of Russell,* 20 B.R. 537 (Bkrtcy.W.D.Pa.1982); *Tarrant v. Spenard Builders Supply, Inc.,* 19 B.R. 360, 9 B.C.D. 413, B.L.D. ¶ 68747 (Bkrtcy.D.Alaska 1982); and *In re Johnson,* 18 B.R. 555 (Bkrtcy.D. Md.1982). In this case, it is undisputed that Defendant possesses a nonpossessory, nonpurchase-money security interest in household furnishings and household goods that are held primarily for Debtors' personal, family or household use. 11 U.S.C. § 522(f)(2). It is further undisputed that Defendant's lien impairs Debtors' exemption rights in such household furnishings and household goods, O.R.C. § 2329.66(A)(3) and (4), and that Defendant's lien is thus *prima facie* avoidable under 11 U.S.C. § 522(f)(2). For purposes of decision herein, the only issue before the Court therefore is whether Debtors' instant Complaint is timely.

The initial question to be resolved is whether Defendant's objection to Debtors' Declaration of Intent triggered the "five day deadline" for the filing of complaints conformably to local practice, as noticed on 16 October 1981. It is the determination of the Court that the local rules for lien avoidance by declaration are inapplicable as a bar to a complaint filing for lien avoidance under the facts *sub judice.*

█ As a general rule, an action for lien avoidance is accomplished by the filing of a complaint and through attendant adversarial procedures. See Part VII of the Bankruptcy Rules of Procedure, and in particular Rule 701(2); see also *Matter of Conley, supra.* This Court, however, has established a less formal local procedure for journalizing uncontested lien avoidances by declaration. The local practice of declaration, as duly noticed to Debtors, is only available if the declaration of intent is filed not later than thirty days after the date first set for the first meeting of creditors. If a declaration of intent is not so filed, the only procedural means to avoid a lien under 11 U.S.C. § 522(f) in this Court is to file a complaint. *Matter of Conley, supra.* If a debtor chooses timely to file a declaration of intent, then local procedure contemplates that, once timely raised, the matter will reach final resolution of the parties' rights. The local procedure for lien avoidance by declaration is therefore worded as self-executing if uncontested; and, if contested, as triggering the requirement of a complaint filing within five days of the date of the filing of the objection.

█ The local practice for avoiding liens under 11 U.S.C. § 522(f) without a complaint filing, however, is not intended to affect a debtor's substantive right to avoid liens. Instead, if a debtor chooses not to file a declaration of intent, the debtor may nevertheless file an avoidance action by complaint, even subsequent to the debtor's discharge, subject only to general principles of equitable estoppel and estoppel by laches. *Matter of Conley, supra; Rheinbolt v. Credit Thrift of America, Inc., supra.* The local procedure of declaration may only affect a debtor's substantive right to avoid a lien under 11 U.S.C. § 522(f) if such declaration is timely, because the question of lien avoidance is only placed in issue for purposes of final disposition if the declaration itself is timely. In essence, a timely declaration properly raises the issue for final resolution. If a debtor's timely declaration is uncontested, then the declaration becomes *res judicata* as to the question of lien avoidance. If the declaration is contested, such objection itself becomes *res judicata* if the issue is not then formally raised by a complaint filing within five days of the filing of the objection.

█ An untimely declaration, however, cannot be interpreted to place the question of lien avoidance in issue, and accordingly cannot result in a final determination of avoidance rights. Thus, neither the failure to object within twenty days of an untimely declaration, nor the failure to file a complaint within five days of the filing of a "timely" objection to an untimely declaration, can be interpreted as *res judicata* to bar a subsequent complaint, such as the instant complaint. Instead, the filing of an untimely declaration of intent to avoid a lien under 11 U.S.C. § 522(f) may, at any time, be stricken from the record as nullity.

In this case, Debtors filed their Declaration of Intent over six months after the first meeting of creditors, and only after reopening their case. As discussed above, such untimely declaration is procedurally defective, and inherently ineffectual in regard to the parties' substantive rights. Defendant's objection to the declaration was thus *pro forma,* and did not become *res judicata* upon the lapse of five days after the filing of the objection. Instead, the objection operated, in essence, to strike the declaration from the record. Defendant's filing of an objection to Debtor's Declaration of Intent to avoid Defendant's lien, therefore, cannot be interpreted as a bar to the instant Complaint filing.

█ The question which the Court must address, therefore, narrows to whether an equitable ground exists to bar the instant

Complaint filing, which otherwise appears *prima facie* timely. It is the opinion of the Court that the instant Complaint is timely for purposes of determination of Debtors' rights under 11 U.S.C. § 522(f). The Court notes that Defendant has not alleged any substantial detrimental reliance or prejudice resulting from Debtors' "inaction" to justify a finding of estoppel by laches; nor has Defendant alleged general equitable grounds to sustain a determination of equitable estoppel.

It further appears to the Court that the parties do not dispute that, if Debtors' Complaint is timely, Defendant's lien is avoidable in regard to the subject collateral, constituting household furnishings and various household goods.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's lien in the subject property is HEREBY AVOIDED pursuant to 11 U.S.C. § 522(f)(2).