In re Jerry Allen GORTMAKER and Colleen Ann Gortmaker, fka Colleen Ann Harmon, Debtors.

Jerry Allen GORTMAKER and Colleen Ann Gortmaker, Plaintiffs,

v.

AVCO FINANCIAL SERVICES, Rapid City, South Dakota, and Gladys Hallett, Fall River County Register of Deeds, Hot Springs, S. D., Defendants.

Bankruptcy No. 580–00047.
Adv. No. 581–0019.

United States Bankruptcy Court,
D. South Dakota.

Aug. 28, 1981.

Robert M. Nash, Wilson, Bottum, Olson, Goodsell & Nash, Rapid City, S. D., for plaintiffs.

Robert Moore, Moore, Kandaras & Cleary, P. C., Rapid City, S. D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Jerry Allen Gortmaker and Colleen Ann Gortmaker, hereinafter Debtors, filed a joint petition for relief in a Chapter 7 bankruptcy. As part of Debtors' bankruptcy, they filed a complaint to avoid a lien of Avco Financial Services, hereinafter Creditor. Debtors allege the provisions of 11 U.S.C. § 522(f) in their Complaint. In responsive pleadings, Creditor objects to the timeliness of Debtors' Complaint.

This Court held a trial on Debtors' Complaint and took the matter under advisement. This Bankruptcy Court makes the following Memorandum Decision based upon pleadings and evidence presented at trial and briefs submitted by counsel for the parties.

## FINDINGS OF FACT

Debtors entered into a loan agreement with Creditor. As collateral for the loan, Creditor took a nonpossessory, nonpurchase-money security interest in Debtors' household goods and furnishings. In Debtors' bankruptcy petition, they claim property pledged as collateral exempt. Between the dates Debtors filed their bankruptcy petition and their discharge, they did not attempt a lien avoidance. Debtors requested to reopen their bankruptcy under 11 U.S.C. § 350 to file a complaint to avoid the lien of Creditor. This Bankruptcy Court granted Debtors' request.

## DEBTORS' ARGUMENTS

1. Debtors may avoid the fixing of a lien on an interest in property to the extent that such lien impairs an exemption to which Debtors would have been entitled under S.D.C.L. 43–45 if such lien is a nonpossessory, nonpurchase-money security interest in household furnishings or goods that are held primarily for the personal, family, or household use of Debtors or a dependent of Debtors.

2. Debtors maintain they can bring a complaint to avoid a lien before or after discharge because 11 U.S.C. § 350(b) provides:

> "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

## CREDITOR'S ARGUMENTS

1. A complaint to avoid a lien under 11 U.S.C. § 522(f) must be filed before the discharge has been granted.

2. Debtors be required to amend their bankruptcy Schedule B–4 to show state versus federal exemptions.

## ISSUE

Whether Debtors must bring a complaint to avoid a lien prior to discharge.

## CONCLUSIONS OF LAW

Debtors and Creditor are in agreement that Creditor has a nonpossessory, nonpurchase-money security interest in Debtors' household goods and furnishings. The dispute left to be resolved by this Court is whether Debtors must bring their lien avoidance complaint prior to discharge.

■ For the following reasons, this Bankruptcy Court holds that Debtors are not foreclosed to bring a complaint to avoid a lien subsequent to discharge.

First, the Bankruptcy Code and Rules of Procedure are silent on the issue of when a debtor must file a complaint to avoid a lien under 11 U.S.C. § 522(f). This Bankruptcy Court holds that placing a time limitation on when a debtor must file a complaint under 11 U.S.C. § 522(f) is a legislative function. If Congress intended time limitations for a complaint under 11 U.S.C. § 522(f), they would have provided them.

Second, this Bankruptcy Court finds Creditor's argument for time limitations on Debtors' Complaint under 11 U.S.C. § 522(f) inequitable when Creditor has rested on its right to request relief. Creditor, like Debtors, can request relief in bankruptcy prior to discharge. If finality in the determination of rights is a goal to be achieved in bankruptcy, as Creditor maintains, then this Court urges Congress provide time limitations on both debtors and creditors on complaints for 11 U.S.C. § 522(f) property.

Third, 11 U.S.C. § 350 provides a court may reopen a case to accord relief to a debtor. This Bankruptcy Court holds a lien avoidance action under 11 U.S.C. § 522(f) is one type of relief to a debtor that is contemplated by 11 U.S.C. § 350.

Fourth, Creditor maintains *In re Adkins*, 7 B.R. 325, 2 C.B.C. 1228 (Bkrtcy.S.D.California, 1980, Herbert Katz, Bankruptcy Judge), is dispositive of the issue of when a debtor must file a complaint to avoid a lien on household goods and furnishings under 11 U.S.C. § 522(f). This Bankruptcy Court holds that *In re Adkins* is distinguishable on its facts because the debtor in *Adkins* did not follow the bankruptcy process. In *Adkins*, the debtor did not reopen the bankruptcy after her discharge for § 522(f) relief. Instead, she sought an injunction against creditor from proceeding with a state court foreclosure action. Debtor should have reopened the bankruptcy under 11 U.S.C. § 350 and then filed a complaint to avoid the lien.

Creditor's contention that Debtors be required to amend their bankruptcy Schedule B-4 to show state versus federal exemptions is in error. Debtors filed their bankruptcy petition on May 20, 1980. South Dakota's exemptions were not mandatory until July 1, 1980.

## CONCLUSION

A debtor is not precluded from bringing a complaint to avoid a lien subsequent to discharge.

A South Dakota debtor may claim the federal exemptions provided in 11 U.S.C. § 522(d) if his bankruptcy petition was filed prior to July 1, 1980.

The foregoing will constitute the Findings of Fact and Conclusions of Law, and Debtors' Attorney is directed to provide a judgment consistent herewith.