In re William D. and Betsy A. NEWTON, Lane Roger and Rosemary Ann Bailey, Frank J. and Antoinett N. Ceraci, Debtors.

Bankruptcy Nos. 81–20228, 81–20322 and 81–20001.

United States Bankruptcy Court, W. D. New York.

Dec. 7, 1981.

---

Howard Grossman, Richard Vullo, Rochester, N. Y., George Cook, Syracuse, N. Y., for creditors.

Joseph G. DeMaria, Rochester, N. Y., for Ceraci.

George DeLucia, Rochester, N. Y., for Newton.

James McCann, Avon, N. Y., for Bailey.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Each of the three cases above arose out of the same type of circumstance. In all of them, under local rule, a motion has been made under § 522(f) to remove in the Bailey and Newton case a non-possessory, non-purchase money lien upon household goods and in the Ceraci case to remove a judicial lien which affects the household exemptions in the debtors' real property. The lien in the Ceraci case went upon their real property shortly before the bankruptcy petition was filed. In each case, the debtors received their discharge, attended the discharge hearing and then either moved to reopen the case, or to have a new discharge hearing, or after the discharge hearing was held, asked for another discharge hearing under the Bankruptcy Law. In each case, the purpose of asking for the additional discharge hearing was to get around the time limitation imposed by local rule on the bringing of a § 522(f) motion.

Local Rule 2(7)(*l*), which was adopted by the bankruptcy judges of the Western District of New York and approved by the District Court judges of this district, provides that the avoidance of judicial liens and security interests under § 522(f) of the Code and the redemption of property under § 722 of the Code are contested matters governed by rule 914 of the Rules of Bankruptcy Procedure. Rule 2(7)(*l*) of the local rules states "such motions shall be made returnable at or before the debtor's discharge hearing under § 524(d) of the Code". This local rule is paraphrased in all 341 notices sent to debtors and creditors in this district in Chapter 7 proceedings.

The local rule was enacted to speed the disposition of cases under the new Bankruptcy Code by setting time limits during which such actions could be brought. It was not intended to be a statute of limitations.

The question presented to the Court is whether the failure of debtor's attorney to comply with local rule of practice extinguishes debtor's right to avoid a lien on exempt property under § 522(f).

For the first time, a number of creditors' attorneys have challenged the debtor's right to file late motions by arguing that the Code does not provide for additional discharge hearings, lien avoidance should be tied to reaffirmation time limitations and creditors who rely on the time limitations of Rule 2(7)(*l*) are prejudiced when the debtor is permitted to file late.

This Court has never treated local Rule 2(7)(*l*) as a statute of limitations. Time and again this Court has permitted the late filings of § 522(f) motions. Thus far, the only effect of the Rule, 2(7)(*l*), has been to force attorneys for the debtors to go to the trouble of applying in writing for a new discharge hearing before they can make their motion.

While the Code does not provide for additional discharge hearings, it does not prohibit them. The only reason this Court permits them is to facilitate technical compliance with local Rule 2(7)(*1*) and to try to force attorneys to comply by making them perform additional services if they do not comply with the rule. It has never been the intention of this Court to provide a statute of limitations for the filing of a § 522(f) motion. Congress in 11 U.S.C. § 522(f) gave the debtors a right and they did not put a time limit upon the exercise of that right. Furthermore, 11 U.S.C. § 350(b) permits a case to be reopened to administer assets, to accord relief to the debtor, or for other cause. When § 350(b) is read in conjunction with § 522(f), it expresses a Congressional intent that the debtor be given time to make the § 522(f) motion despite any local rule enacted to speed the administration of cases. (See *In re Gortmaker*, Bkrtcy., 14 B.R. 66, 5 C.B.C.2d 127 for a case using similar reasoning).

The creditors' second argument is that it serves no purpose to allow avoidance of liens after the discharge hearing when the debtor is not able to enter into reaffirmation agreements in order to retain property to which the liens attached. This was the reasoning of one Court that held that § 522(f) actions could only be brought at or before a debtor's discharge hearing. (*In re Adkins*, Bkrtcy., 7 B.R. 325, 6 B.C.D. 997 and *In re Porter*, Bkrtcy., 11 B.R. 578). Under 11 U.S.C. § 524, reaffirmation agreements have to be entered into prior to the discharge hearing. This is a time limitation set by Congress. How one can read into that limitation, a limitation upon the right of the debtor to dispose of liens under § 522(f) motions, is another thing. Judge Merlin in *In re Swanson*, Bkrtcy., 13 B.R. 851, 8 B.C.D. 13, could find nothing in the Code that required a debtor to assert his avoiding power prior to the discharge hearing and in rejecting this argument said 13 B.R. 851, 8 B.C.D., at page 14:

> The fact that it may be in a debtor's best interests to avoid liens under § 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so. In most cases, the exemption covers the security in its entirety and no need to reaffirm arises.

The third argument that creditors are prejudiced where they rely on the time limitation set up in local Rule 2(7)(*1*) if a debtor is permitted to act late on a § 522(f) motion is without merit. In none of these cases, has there been a showing of actual damage on the part of the creditor. Certainly, all of the creditors were aware of the debtor's right under § 522(f). In all three of these actions, the debtors' rights were not exercised properly because of delays on the part of the debtors' attorneys rather than by a knowing and voluntary waiver of rights under § 522(f) by the debtor. As Judge Merlin points out (*In re Swanson, supra*, 13 B.R. 851, 8 B.C.D., at page 14), speaking about arbitrary time limits, "The doctrine of laches does not allow Court imposed time limits because it is dependant upon the facts and circumstances of each case. A key element of the doctrine is that there must be some prejudice or injury to the other party or to an innocent third party if the asserted legal right is denied." 27 Am. Jur.2d § 169 at page 712 which Judge Merlin quotes in *Swanson* says in part:

> "One of the principal constituents of laches is injury, prejudice, or disadvantage to the defendant or an innocent third person in the event relief is granted to the complainant.... The doctrine of stale demand applies only where, because of lapse of time, it would be inequitable to allow a party to enforce his legal rights, or it is clearly demanded in the interests of justice. Thus, in order that the doctrine of laches be correctly applied, it should first be determined whether a refusal to apply it would work perceptible inequity on the one against whom the alleged stale demand is directed....

Based upon the foregoing, the § 522(f) motions are granted in each of the subject cases and it is so ordered.