In re Robert F. BROWN and Toni Brown, Debtors.

Robert F. BROWN and Toni Brown, Plaintiffs,

v.

The MORRIS PLAN OF CALIFORNIA, Defendant.

Bankruptcy No. 281–02378–D–7.
Adv. No. 281–1320.

United States Bankruptcy Court,
E. D. California.

March 15, 1982.

**324**

Melvyn J. Coben, Sacramento, Cal., for plaintiffs.

Beauvais & Beauvais, Sacramento, Cal., for defendant.

## MEMORANDUM OPINION

LOREN S. DAHL, Bankruptcy Judge.

The material facts, which are not disputed by the parties, are as follows: On July 1, 1981, the debtors (Plaintiffs herein) filed a joint petition for relief pursuant to Chapter 7 of the Bankruptcy Code. In their schedules, they listed the defendant as a secured creditor in the amount of $2,500.00, although the defendant asserts that the balance at date of filing was $1,921.62. The security for the obligation to defendant was a nonpurchase money, nonpossessory interest in debtors' household goods. On July 1, 1981, counsel for debtors served defendant by mail with a Notice of Avoidance of Fixing of Lien Pursuant to 11 U.S.C. Section 522(f)(2). On December 22, 1981, the debtors were discharged. On December 28, 1981, the defendant, by letter to the plaintiffs, demanded return of the security and on the following day, December 29, plaintiffs filed a complaint herein to avoid the fixing of lien pursuant to 11 U.S.C. section 522(f)(2). On February 8, 1982, defendant filed a Motion to Dismiss, contending that the July 1, 1981, Notice to Avoid Lien was insufficient to avoid defendant's lien on the household goods and that the subsequent discharge of the debtors precluded a subsequent avoidance of lien by the December 29, 1981, complaint, pursuant to section 522(f)(2), and that its lien survives.

Plaintiffs contend: (1) that the notice of avoidance of lien served July 1, 1981, was by itself sufficient to avoid defendant's lien on the household goods; (2) that the dis-

charge of debtors granted December 22 does not preclude a subsequent complaint to avoid the lien pursuant to section 522(f)(2), and accordingly, that the complaint filed December 29, 1981, is properly before the court; and (3) that even in the absence of any notice or complaint, the discharge itself avoided the lien held by defendant since no reaffirmation agreement had been entered into prior to the discharge.

Numerous cases have dealt with the method of lien avoidance under section 522(f) as well as the time frame involved. One of the first cases was *In re Adkins*, 7 B.R. 325, 6 B.C.D. 997, decided by my learned colleague, Honorable Herbert Katz. In this case the debtor obtained a loan from Avco Financial prior to bankruptcy, pledging her household furniture as security therefor. On Schedule B-4, she claimed these items as exempt, using the federal exemptions. At the § 341 Meeting of Creditors, debtor's counsel orally advised a representative of Avco Financial that the debtor intended to avoid the lien under 522(f)(2). Thereafter, debtor's discharge was entered. No motion or complaint seeking to avoid the lien under 522(f) was ever filed either prior to discharge or after. Avco filed a complaint against debtor in state court seeking to recover the items of security, and debtor sought an injunction from the bankruptcy court of the state court proceedings.

In his Memorandum Opinion, Judge Katz held that the type of notice to be given to a secured creditor such as Avco Financial, in order to avoid their nonpossessory, nonpurchase money lien under section 522(f)(2), must be a complaint pursuant to Bankruptcy Rule 701(3), inasmuch as the debtor is seeking to avoid a lien. In *Adkins*, no such complaint was ever filed and therefore the lien was not avoided, and at that point the court could have entered its order accordingly. However, Judge Katz went on to discuss the time frame in which such a complaint must be filed. Although it is dictum, after discussing the time for holding reaffirmation hearings, the time for creditors to file complaints objecting to dis-

charge or determination of debts to be non-dischargeable, Judge Katz stated, "... it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing." This Court agrees that the type of notice to be given by a debtor to a creditor to avoid a lien under section 522 is by filing and serving a complaint pursuant to the provisions of Part VII of the Rules of Bankruptcy for the reasons set forth by Judge Katz in *In re Adkins.*

However, this Court does not agree with the advisory portion of *Adkins* that the complaint must be filed prior to the entry of discharge.

Unless otherwise limited, all provisions of the Bankruptcy Code are applicable from the time the case has commenced until it is closed. Any party to the proceeding should be able to avail himself of those provisions during the pendency of the case. Some time limitations are imposed by the Code, some by the Rules of Bankruptcy, some by the Interim Rules, and some on a case-by-case basis, depending upon particular facts and orders issued. If Congress had intended time limitations as to any of the provisions of the Code, it could very easily have so prescribed, and in some sections, it did. However, it did not appear to place any time limitations on the right of redemption under section 722 or the debtor's power to exempt certain property recovered by the trustee under section 522(g) or 522(h). And, under section 350(b), Congress authorized the reopening of a closed case in order to administer assets, accord relief to the debtor, or for other cause.

The legislative history of section 522(f)(2) is worthy of note, and particularly wherein it states, "Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property."

Because the order of discharge terminates the automatic stay of any other act under section 362(a), including acts to enforce liens, it would be advisable for a debtor to file his complaint to avoid a lien pursuant to section 522(f)(2) well before discharge while the automatic stay is still in effect; but in my opinion, I do not believe Congress intended to limit the time for the debtor to file such a complaint as long as his bankruptcy case is still pending.

The following cases decided after *Adkins* are in accord with this view: *In re Gortmaker,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy. 1981); *In the Matter of Baskins,* 14 B.R. 110, 8 B.C.D. 161 (Bkrtcy.1981); *In the Matter of Swanson,* 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy.1981); *In re Bennett,* 13 B.R. 643, 8 B.C.D. 670 (Bkrtcy.1981); *In re Lane, Bailey, and Ceraci,* 15 B.R. 640, 8 B.C.D. 514 (Bkrtcy.1981).

For the foregoing reasons, the motion of the defendant to dismiss plaintiffs' complaint is hereby denied and it is, therefore, unnecessary to discuss or decide the question raised by the plaintiffs as to whether the defendant's lien was avoided by discharge alone. This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law.