In re BENEFICIAL FINANCE COMPANY OF VIRGINIA.

In re Clifford Edwin MILLS, Sr., Doris Ella Mills, Debtors.

In re Larry Edward JOHNSON, Montrose Diane Taylor Johnson, Debtors.

In re Russell Samuel CHEATHAM, Robin Joan O'Neil Cheatham, Debtors.

In re Paul Fabain LAZROVITCH, Deborah Renee Williams Lazrovitch, Debtors.

In re Timothy John HALEY, Debra Lynn Stamper Haley, Debtors.

In re William Junious POWELL, Joyce Marie Kelly Powell, Debtors.

In re Billy Grant MILNER, Patricia Ann Milner, Debtors.

In re Darrell Lee ADKISSON, Annie Carleen Adkisson, Debtors.

In re Carlos Ray LEWIS, Linda Gayle Tomblin Lewis, Debtors.

In re Cleetus Lavelle LINDER, Debtor.

In re Nicholas Harold ALDRICH, Helen Doris Zuchowski Aldrich, Debtors.

Bankruptcy Nos. 80–02493, 81–00027–NN, 80–01239, 80–00353, 80–01350, 81–00102–NN, 81–00588–N, 80–01034, 80–01395, 80–01487 and 81–00835–N.

Adv. Nos. 81–0153–NN, 81–0121–NN, 81–0637–N, 82–0007–NN, 81–0768–N, 82–0029–N, 81–0715–N and 81–0709–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division,
Newport News Division.

March 3, 1982.

---

John M. Hickey, Newport News, Va., Tom C. Smith, Barry Randolph Koch, Law Office of Edward T. Caton, Virginia Beach, Va., Erwin B. Nachman, Frank, Poinsett, Nachman & Frank, Newport News, Va., Stephen G. Test, The Legal Clinic of Stuart Gordon; and Melvin R. Zimm, Epstein & Epstein, Ltd., Norfolk, Va., for debtors.

J. Brian Donnelly, McCardell, Donnelly & Simpson, Virginia Beach, Va., and Robert B. Hill, Cummings & Dicks, Petersburg, Va., for Beneficial Finance Co. of Virginia.

HAL J. BONNEY, Jr., Bankruptcy Judge.

One would gather from the masthead that this is either a popular or a recurring issue. The volume does not signify importance however.

May a debtor *reopen* his case to file a complaint to avoid a nonpossessory, nonpurchase-money lien on certain chattel, chiefly household goods and furnishings, pursuant to 11 U.S.C. § 522(f), if such lien impairs an exemption to which the debtor would be entitled?

The Court previously considered the issue in *In re Cheatham*, 80–01239 (1981), which decision Beneficial did not appeal. Another attorney for Beneficial in another Division wants another bite at the prune.

In these cases the debtors have filed motions to reopen their cases and avoid the liens since following their discharges Beneficial has commenced action, or contemplates action, in State court to enforce its liens.

■ The Bankruptcy Code allows the court to reopen a case on three conditions. "A case may be reopened in the court in which such case was closed to administer assets, *to accord relief to the debtor*, or for, other cause." 11 U.S.C. § 350(b) (emphasis added). Requests to reopen estates or to modify or vacate orders lie within the sound discretion of the Court. See *Matter of Seats*, 537 F.2d 1176 (4th Cir. 1976); *In re Dounour*, Bankruptcy No. 79–1009–N (E.D.Va. June 18, 1981).

The facts of each captioned case could be recited, but really with no overriding purpose. In some but certainly not all, Beneficial filed proofs of claim which reflected an unsecured position. Many if not all of the debtors were unaware or had forgotten they had granted a security interest in their household belongings. In no instance did Beneficial object to the exemptions claimed for the property. Some simply did not act until Beneficial acted in State court.

In its discretion the Court believes good reason exists in each case, for whatever reason, to permit reopening.

■ To allow Beneficial to now pursue its lien on the properly exempted household goods of the debtor in State court would frustrate the purpose of § 522(f). The legislative history of § 522(f) makes it clear

that the section was drafted to protect the debtor's exemptions. Congress thought creditors, by virtue of their vastly greater experience in the lending industry, enjoy a substantial advantage over the average consumer debtor. In lending money, creditors often take a blanket security interest in all of a debtor's personal property which is typically comprised of household goods, furnishings and appliances. Experience indicates that this type of property has, at best, nominal resale value. However, the replacement cost of the property may be disproportionately, even disastrously, high and debtors were often coerced into paying the lienholder irrespective of bankruptcy. The policy of Congress to afford a debtor a "fresh start" was thwarted because some creditors took unfair advantage of consumer debtors and abused the blanket security interest. H.R.Rep.No.95–595, 95th Cong. 1st Sess. (1977) 126–27, U.S.Code Cong. & Admin.News 1978 p. 5787; 124 Cong.Rec.H. 11,095 (September 28, 1978); S. 17,412 (October 6, 1978); *Security Pacific Finance Co. v. Barto*, 8 B.R. 145 (Bkrtcy.E.D.Va.1980).

The author of opinions should not seek to do what another has done better. A very thorough opinion on the subject appears in *In re Newton et al.*, 15 B.R. 640, 8 B.C.D. 514 (Bkrtcy.W.D.N.Y.1981). Without reciting its facts and body of law, Judge Hayes concludes that

1. Section 522(f) establishes no time limit for avoiding liens.

2. While debtors ought to act while the case is open, the purpose of bankruptcy relief should not be thwarted by so technical a matter.

3. The doctrine of laches should not bar relief.

Read it.

See *In re Bennett*, 13 B.R. 643, 8 B.C.D. 670 (Bkrtcy.W.D.Mich.1981); *In re Baskin*, 8 B.C.D. 161 (E.D.North Carolina, 1981); *In re Gortmaker*, 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy.D.S.D.1981); and *In re Swanson*, 13 B.R. 851, 8 B.C.D. 13 (Bkrtcy.D.Idaho 1981), all of which support the view here held.

Beneficial in its brief would forge and apply a rigid standard in fixing a deadline for filing complaints for the avoidance of liens. *In re Adkins*, 7 B.R. 325 (Bkrtcy.S.D. Cal.1980); and *In re Krahn*, 10 B.R. 770 (E.D.Wisconsin, 1981), rightfully struggled to find an answer within the Code, but cannot without straining. Interestingly, neither case considers 11 U.S.C. § 350(b) on reopening cases. They seek to relate the matter to other procedural provisions of the Code.

What Beneficial seeks to do with the aid of these cases and *In re Porter*, 11 B.R. 578 (Bkrtcy.W.D.Okl.1981), is to through what is called "common sense" tie section 522(f) to other sections, such as 522(i)(1) and 550(e), which may establish time restraints. But such is to forge out of cold steel what is not there. The most Beneficial can do is to argue a Congressional "assumption."

Beneficial then argues equitable and practical considerations to require a filing under Section 522(f) prior to discharge. The bulk of the brief throws up an abundance of strained reasoning. [The brief is filed under *In re Johnson*, 81–00027–NN.]

At the bottom line, it turns, I say, upon the discretion of the Court. Beneficial would place the bankruptcy process in cast iron; an eye for an eye, a tooth for a tooth. It says, in essence, if you do not move as we interpret you should, you are done for.

On the other hand, consider what we have. A blanket nonpurchase-money lien has been taken on everything the debtor owns. It is usually junk, worth far more to the debtor in his fresh start than it is actually worth. But with this leverage or sword the creditor can wring the debtor for far more. It has great potential for duress.

Except for games with timing, Beneficial has no way to prevent avoidance of these "wholly" liens. It is not just to force such a timing restraint upon the matter. None exists; it is an exercise of discretion.

Further, and quite important, the reopening of the cases does not deny Beneficial its day in court. Each consideration of lien avoidance is on its own merits and if Beneficial has a defense, it can most certainly interpose it.

IT IS ORDERED that said cases be, and they are hereby, reopened and that said debtors may file their complaints to avoid liens pursuant thereto.