**Duane RHEINBOLT and Shirley Rheinbolt, Plaintiffs,**

v.

**CREDIT THRIFT OF AMERICA, INC. and Household Finance Corp., Defendants.**

**In the Matter of Duane RHEINBOLT and Shirley Rheinbolt.**

**Adv. No. 3–81–0740. Bankruptcy No. 3–81–00025.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 2, 1982.

William L. Bowen, Middletown, Ohio, for defendants.

Bruce E. Fassler, Middletown, Ohio, for plaintiffs.

ELLIS W. KERR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of Duane Rheinbolt and Shirley Rheinbolt (Plaintiffs) to avoid certain liens of Credit Thrift of America, Inc. and Household Finance Corporation (Defendants) under 11 U.S.C. § 522(f). The parties have submitted the matter to the Court on the basis of stipulations and accompanying memorandum of law.

## FACTS

The relevant portions of the stipulations are summarized as follows:

1. On January 8, 1981, Plaintiffs filed a joint petition in Bankruptcy;

2. Plaintiffs duly claimed their exemptions in household goods and furnishings;

3. Both Defendants claim a nonpossessory, nonpurchase-money security interest in the household goods and furnishings. These security interests impair the exemptions to which the Plaintiffs are entitled;

4. On April 31, 1981, Plaintiffs were granted their discharges in bankruptcy;

5. Plaintiffs' case was subsequently closed;

6. On September 21, 1981, Plaintiffs filed an application to reopen their case in order to file a complaint to avoid Defendants' liens pursuant to 11 U.S.C. § 522(f). On October 13, 1981, the Court granted Plaintiffs' application to reopen the case;

7. On November 3, 1981, Plaintiffs filed their complaint to avoid liens and the Defendants subsequently filed their answers;

8. Plaintiffs did not file a Declaration of Intent to avoid liens pursuant to a local rule of this Court;

9. If all procedural requirements had been complied with, it is undisputed that Plaintiffs would have been entitled to avoid the nonpossessory, nonpurchase-money security interests of Defendants.

The legal issue is specifically whether the debtors may reopen a bankruptcy case in order to file a complaint to avoid liens under 11 U.S.C. § 522(f). More generally, the issue is whether any time limits exist with regard to filing such complaints.

## DECISION

Neither the Bankruptcy Code, the Bankruptcy Rules nor the Court's Local Interim Rules contain an express provision regarding the time within which to file a complaint to avoid liens under 11 U.S.C. § 522(f). Under such circumstances, the Court's initial posture is one of reluctance to find that a debtor has forfeited a statutory right because of failure to adhere to an unarticulated rule.

Defendants cite *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D.Cal.1980) as a leading case in support of their position that Plaintiffs may not avoid the liens in the instant matter.

The *Adkins* Court noted initially that neither the Bankruptcy Code nor the Bankruptcy Rules "shed any light" on the question of when a complaint to avoid liens must be filed, but observed that "[A]n ex-

amination of § 524(c) of the Code might give one a *clue* as to the answer." (emphasis supplied) *Id.* at 327. An examination of § 524(c), which deals with reaffirmation agreements, convinced the Court in *Adkins* that the deadline for filing complaints to avoid liens is the same as the date for filing reaffirmation agreements, i.e. the date of the debtor's discharge hearing.

"It seems to me that debtors in order to comply with the purpose and intent of § 524(c), must know with some degree of certainty whether a reaffirmation agreement may have to be negotiated in order to permit the retention of property pledged as security before the grant of the discharge. Otherwise it may be too late to negotiate a reaffirmation agreement." *Id.*

"Therefore, in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties, it seems to me that a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. At that point there is sufficient time to negotiate a reaffirmation agreement or continue the discharge hearing to permit such negotiation." *Id.*

The *Adkins* rule, however, has not been followed by a majority of the reported cases and has been subjected to considerable judicial criticism:

"The fact that it may be in a debtor's best interest to avoid liens under 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do so. In most cases the exemption covers the security in its entirety and no need to reaffirm arises." *In re Swanson,* 13 B.R. 851, 853 (Bkrtcy.Idaho 1981).

"This analysis [*Adkins*] uses only one remedy designed to benefit the debtor, namely *reaffirmation,* to preclude the use of a second unrelated remedy, namely *lien avoidance* under Sec. 522(f). While failure to take advantage of the avoidance powers of Sec. 522(f) prior to discharge may in some instances deprive the debtor from using *reaffirmation* as an *alternative* means of retaining possession of certain property, this factor should not further serve as a burden on the debtor by preventing the use of Sec. 522(f) itself in a proper case to avoid the effect of a lien on *exempt property* in a timely manner during the continued administration of the debtor's estate." *In re Smart,* 13 B.R. 838, 840 (Bkrtcy.Ariz.1981).

"[T]here is no justification for arbitrarily equating the date fixed for the discharge hearing pursuant to section 524(d) with the time within which a debtor must file a section 522(f) complaint." *In re Montney,* 17 B.R. 353, 356 (Bkrtcy.E.D. Mich.1982).

This Court does not discern a sufficient relationship between the process of reaffirmation and that of avoiding liens, to justify imposing the reaffirmation deadline as the last day for filing complaints to avoid liens, and therefore, rejects the rule of *Adkins.* Further, we consider it both unfair and unrealistic to expect a debtor or his counsel to peruse the Bankruptcy Code in search of a "clue" as to a specific filing deadline.

Defendants also cite *In re Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okla.1981). *Porter* adheres to the rule of *Adkins,* but puts forth an additional theoretical basis for the rule. After incorporating much of the *Adkins* opinion, *Porter* suggests that the Code itself *may* very well require the result reached in *Adkins.* In supporting the *Adkins* rule, *Porter* discusses § 522(i)(1) and § 550(e) of the Bankruptcy Code. Without setting forth the analysis contained therein, we merely note that the Court in *Porter* concluded that,

"If, under §§ 522(i)(1) and 550(e), an action to recover property from a transferee in an avoided transfer cannot be commenced after a case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed." *Id.* at 581.

Our objection to *Porter* is not addressed to its conceptual content, but rather to its lack of pragmatism. It is unlikely, absent

divine intervention, that a debtor or his counsel would successfully juxtapose these particular Code sections in order to arrive at the answer to a simple question: "When must I file a complaint to avoid liens?"

As mentioned, the majority of cases have not followed the *Adkins* rule. Rather, they permit complaints to avoid liens to be filed at any time, subject to equitable considerations. *See, e.g., In re Baskins,* 14 B.R. 110, 8 B.C.D. 161 (Bkrtcy.E.D.N.C.1981); *In re Gortmaker,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy. S.D.1981); *In re Towns,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982); *In re Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio 1982); *In re Holyst,* 19 B.R. 14 (Bkrtcy.Conn.1982). We subscribe to the majority rule for several reasons.

First, as indicated above, there is no time limit expressed in the statutory law for the filing of complaints to avoid liens under 11 U.S.C. § 522(f). It is fundamentally inequitable to require Debtors to meet unspecified deadlines.

Second, 11 U.S.C. § 350(b) provides that,

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Although the legislative history does not address directly the issue of a *debtor* reopening a case to avoid liens, it clearly contemplates that a *trustee* will be permitted to reopen a case in order to utilize his avoiding powers.

"Subsection (b) permits reopening of the case to administer assets, to accord relief to the debtor, or for other cause. Though the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835, 6294.

We believe that an inference that a Debtor may also reopen a case to utilize his avoiding powers is consistent with both the legislative history and the express language of 11 U.S.C. § 350(b). [*Accord: In re Tarrant,* 19 B.R. 360 (Bkrtcy.Alaska 1982); *In re Gortmaker, supra.*]

Finally, it does not appear that the creditors have been harmed in the instant case. Much of our reluctance to impose a deadline for the filing of complaints to avoid liens is rooted in traditional notions of fairness regarding notice of such time limitations. But this equitable policy, which favors debtors, must be tempered by considering the position of creditors. The legislative history to 11 U.S.C. § 350, *supra,* notes that laches may bar an action that has been delayed too long. Where a creditor has proceeded lawfully under other sections of the Bankruptcy Code, thereby detrimentally changing his position, it becomes necessary to balance the parties' competing equities.

Despite the lack of a specific deadline in the Bankruptcy statutes, we believe that a debtor who delays in exercising his rights under the Bankruptcy Code is vulnerable to laches being invoked. In most instances, the automatic stay will be lifted in a Chapter 7 proceeding upon the debtor's receipt of a discharge. This creates the possibility of a creditor lawfully changing his position, e.g. filing a replevin action in state court. (*See, e.g., In re Towns, supra*). In short, although a Debtor is generally permitted to file a complaint under 11 U.S.C. § 522(f) at any time, once the discharge date has passed, the debtor risks that a creditor may detrimentally rely upon the Debtor's failure to file a complaint.

In the case at bar, however, there has been no evidence nor stipulation that the creditors changed their position or detrimentally relied upon the debtors' failure to avoid the liens at an earlier date. Mere disappointment at losing a security interest is not sufficient to constitute harm to creditors in the present action. Therefore, the Debtors' complaint to avoid the creditors' liens is not barred by laches.

It is therefore, ORDERED, ADJUDGED AND DECREED, that judgment be rendered in favor of the Plaintiffs and that the security interests of Defendants in the

household furnishings and personal household property of Plaintiffs be avoided.