**In re Benny Wayne JENT, Debtor.**

**Bankruptcy No. 48200166.**

United States Bankruptcy Court,
W.D. Kentucky.

March 8, 1984.

William B. Norment, Jr., Henderson, Ky., for debtor.

Charles W. Beacham, Henderson, Ky., for creditors, Drs. Bryant A. Bloss and Wayne C. Liles.

Sandra D. Freeburger, Sebree, Ky., for First Nat. Bank of Henderson.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The case at hand forces a reappraisal of a local rule of court which imposes a time limitation for the filing of lien avoidance motions. Our rule does not stand the test of case law analysis and will no longer be strictly enforced. We fall short of eliminating the rule entirely only for the reasons which are expressed in the conclusion of this opinion.

The rule with which we are concerned reads as follows:

1. Rule 13, Local Rules of Court, effective Jan. 1, 1984, is identical in all relevant respects to the predecessor Local Rule 21, effective Sept. 23, 1981, which applies to the dispute at hand.

2. The Judiciary Committee's report accompanying the 1978 bankruptcy legislation specified certain matters to be dealt with through rule making. Item 94 refers to "procedure for debtor to avoid a judicial lien on exempt property."

## AVOIDING LIEN ON EXEMPT PROPERTY

(a) All motions to avoid liens on exempt property shall specifically set forth a detailed description or itemization identifying the property subject to the provisions of Title 11, United States Code, Section 522(f). All such motions must be filed with the Clerk of the United States Bankruptcy Court at least five (5) business days prior to the scheduled discharge hearing.

(b) A motion to avoid a lien must be heard at the discharge hearing. The last date to file such motions must be in conformity with the provisions of this rule and any motions filed subsequent to the specified date will not be timely and shall constitute good cause to deny the relief sought.[1]

Our local rule was made necessary by the intentional silence of Congress on the time and manner in which a debtor's lien avoidance rights may be asserted. The applicable Bankruptcy Code provision, 11 U.S.C. § 522(f), imposes no such requirements. Congress delegated those matters to the Rules of Bankruptcy Procedure.[2] With those uniform national rules also silent on the question, this court imposed the limitations expressed in the local rule quoted above. Our rule is obviously a "housekeeping" one designed to facilitate efficient case administration.

The congressional purpose in enacting Section 522(f) is abundantly clear. The statute "protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property,"[3] thereby ensuring that he will have "adequate possessions to begin his fresh start."[4]

3. H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

4. Id. at p. 126, U.S.Code Cong. & Admin.News 1978, p. 6087.

■ The factual setting of this dispute may be briefly stated. Benny Wayne Jent filed a Chapter 7 petition on April 19, 1982, and claimed his homestead exempt under KRS 427.060. This realty was encumbered by a judicial lien lodged to record just five days before. No motion to avoid this lien was filed prior to the debtor's discharge hearing on October 12, 1982. However, within a month such a motion was filed; counsel for the debtor cited his own mistake, inadvertence and excusable neglect to explain the tardy filing. In response, the judicial lienholder contends that it possesses an enforceable lien because no objection or lien avoidance motion preceded the discharge. This case is still open for administrative purposes.

Thus, the issue before the court is whether a debtor whose case is still pending may file a motion to avoid a judicial lien one month after the discharge date.

The question is hardly one of first impression. Many bankruptcy courts, including this one, have dealt with time limitation considerations in the context of § 522(f). The majority rule is that lien avoidance is permissible even subsequent to discharge if there has been no injury or prejudice to the creditor.[5] The minority position establishes the discharge date as an absolute deadline.[6]

Prior lien avoidance decisions in this district have arrived at results consistent with the majority view, despite a local rule which sets a rigid pre-discharge filing deadline. In no case has the local rule been treated as an absolute bar; equities were always balanced. In three cases from an earlier court[7] a search was made for "extenuating circumstances or other justifiable excuse for the debtor's delay;"[8] in two of those cases the debtor could provide a satisfactory explanation.

It is not surprising that different results were reached through an equity-balancing test. However, we must here register our disagreement with the rationale of the previous decisions of our court, and we note their divergence from the majority position and the Code.

Other bankruptcy courts have reviewed lien avoidance cases to detect possible injury or prejudice to creditors because of debtor inaction; finding none, late motions have been approved. The three prior cases from this district, on the other hand, *shifted the burden of proof* to the late-filing debtor to come forth with an "excuse." While this

---

5. *In the Matter of Barnett,* 30 B.R. 119 (Bkrtcy. N.D.Ala.1983); *Noble v. Yingling,* 29 B.R. 998 (D.C.Del.1983); *Peterson v. Thorp Credit and Thrift Co.,* 26 B.R. 942 (Bkrtcy.D.Minn.1983); *Bledsoe v. Household Finance Corp.,* 28 B.R. 210 (Bkrtcy.S.D.Ohio 1983); *In the Matter of Leeman,* 25 B.R. 180 (Bkrtcy.E.D.Wis.1982); *In re Brence,* 25 B.R. 20 (Bkrtcy.D.Or.1982); *In re Keller,* 24 B.R. 720 (Bkrtcy.N.D.Ohio 1982); *In re Yazzie,* 24 B.R. 576 (Bkrtcy. 9th Cir.App. Panel 1982); *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bkrtcy.S.D.Ohio 1982); *In re Hall,* 22 B.R. 701 (Bkrtcy.E.D. Penn.1982); *In re Lee,* 21 B.R. 774 (Bkrtcy.E.D. Tenn.1982); *In the Matter of Russell,* 20 B.R. 537 (Bkrtcy.W.D.Pa.1982); *In the Matter of Barner,* 20 B.R. 428 (Bkrtcy.E.D.Wis.1982); *In re Tarrant,* 19 B.R. 360 (Bkrtcy.D.Ala.1982); *In re Stephenson,* 19 B.R. 185 (Bkrtcy.M.D.Tenn. 1982); *In the Matter of Holyst,* 19 B.R. 14 (Bkrtcy.D.Conn.1982); *In re Johnson,* 18 B.R. 555 (Bkrtcy.D.Md.1982); *In re Brown,* 18 B.R. 323 (Bkrtcy.E.D.Cal.1982); *In re Schneider,* 18 B.R. 274 (Bkrtcy.D.N.D.1982); *In re Beneficial Finance Co. of Va.,* 18 B.R. 174 (Bkrtcy.E.D.Va. 1982); *In the Matter of Conley,* 17 B.R. 387 (Bkrtcy.S.D.Ohio 1982); *In the Matter of Mont-* ney, 17 B.R. 353 (Bkrtcy.E.D.Mich.1982); *In re Towns,* 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982); *In the Matter of Hart,* 16 B.R. 78 (Bkrtcy.D.Neb. 1981); *In re Newton,* 15 B.R. 640 (Bkrtcy.W.D. N.Y.1981); *In the Matter of Baskins,* 14 B.R. 110 (Bkrtcy.E.D.N.C.1981); *In re Gortmaker,* 14 B.R. 66 (Bkrtcy.D.S.D.1981); *In the Matter of Swanson,* 13 B.R. 851 (Bkrtcy.D.Idaho 1981); *In re Smart,* 13 B.R. 838 (Bkrtcy.D.Ariz.1981); *In re Bennett,* 13 B.R. 643 (Bkrtcy.W.D.Mich. 1981).

6. *In re Smiley,* 26 B.R. 680 (Bkrtcy.D.Kan. 1982); *Beneficial Finance Co. of Va. v. Franklin,* 26 B.R. 636 (D.C.Va.1983); *In re Andrews,* 22 B.R. 623 (Bkrtcy.D.Del.1982); *In re Porter,* 11 B.R. 578 (Bkrtcy.W.D.Okl.1981); *In re Krahn,* 10 B.R. 770 (Bkrtcy.E.D.Wis.1981); *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D.Cal.1980).

7. *In re Coomes,* 20 B.R. 290 (Bkrtcy.W.D.Ky. 1982); *In re Baker,* 18 B.R. 131 (Bkrtcy.W.D. Ky.1982); *In re Williams,* 17 B.R. 204 (Bkrtcy. W.D.Ky.1982).

8. *Coomes,* supra at p. 292; *Baker,* supra at p. 132; *Williams,* supra at p. 207.

position may flow logically from the harsh phraseology of the local procedural statement, it is not comfortably reconciled with Congress' intent with respect to lien avoidance. The Code gives debtors an unrestricted right to avoid certain liens on exempt property so they can achieve a meaningful fresh start. To judicially place the debtor on the defensive by altering the rules of proof at the trial court level· is contrary to the statutory intent and objective.

When Congress confers a right and does not put a time limit on the exercise of that right we do not deem it within our prerogative to create arbitrary time limitations to toll substantive rights.

Therefore, we must reject the rationale earlier expressed in *Coomes,* supra, and will no longer require an "excuse" from the debtor for tardy § 522(f) motions. We will, however, adhere to the majority rule and scrutinize each case for detriment to the creditor where there is inordinate delay in assertion of the lien avoidance right.

Our research has identified two other jurisdictions with local practice rules for § 522(f) motions, which were violated by an attorney for the debtor, as has happened here. In neither case was the debtor's substantive right extinguished.[9] Today's ruling reflects a shared sentiment; our local rules of practice should not be interpreted in such a way as to abridge statutorily conferred rights.

We write knowing that lien avoidance is a debtor's remedy of diminished importance. Recent state statutory changes and judicial decisions leave the judicial lien as the only form of encumbrance from which a debtor may easily escape in this district. For that reason our opinion today is not likely to be of any broad significance for future cases.

For those housekeeping necessities which are well served by Local Rule 13, we hesitate to strike it entirely from the books. It will continue to serve as a reminder to the bar of the value of timely filing in preservation of debtors' rights and in order to avoid equity-balancing from becoming an issue. We will, however, in appropriate cases of untimely filed motions, grant those in which there is no creditor prejudice.[10]

For the reasons we have expressed, the debtor's lien avoidance motion is SUSTAINED. This is a final order.

---

**9.** *Bledsoe v. Household Finance Corp.,* 28 B.R. 210 (Bkrtcy.S.D.Ohio, 1983); *In re Newton,* 15 B.R. 640 (Bkrtcy.W.D.N.Y.1981).

**10.** An example of creditor prejudice would be the case in which, between the time the motion should have been filed and the time when it was actually filed, the creditor sought enforcement of his lien. The creditor's change of position likely would shift the equities in his favor; obviously any delay in filing the lien avoidance motion would imperil the debtor.