**In re Lawrence Dewey McDONALD, Jr., Debtor.**

**Lawrence Dewey McDONALD, Jr., Appellant,**

v.

**HOME STATE BANK & TRUST COMPANY, Appellee.**

Civ. No. 93–2144–JWL.
Bankruptcy No. 92–21164–7.

United States District Court, D. Kansas.

Nov. 18, 1993.

---

James M. Holmberg, Lentz & Clark, P.A., Overland Park, KS, for appellant.

Kevin E. Koch, Turner, Vader & Koch, Chtd., Kansas City, KS, for appellee.

Timothy J. Sear, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, trustee.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

*I. Introduction*

This case comes before the court on appeal from an order of the United States Bankruptcy Court dated April 2, 1993. In that order, the bankruptcy court denied debtor's request to reopen his bankruptcy case in order to allow him to file a motion for an order avoiding Home State Bank's lien pursuant to 11 U.S.C. § 522(f). Debtor asserts this ruling was in error and that he should have been allowed to reopen his bankruptcy case for the purpose of filing a motion to avoid Home State's lien.

Having thoroughly reviewed the briefs of the parties and the record from the bankruptcy court, this court has determined that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. Accordingly, oral argument will not be allowed pursuant to Bankruptcy Rule 8012.

*II. Standard of Review*

In reviewing the findings of the bankruptcy court, this court may set aside findings of fact only if they are clearly erroneous. *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 (10th Cir.1986). However, conclusions of law are subject to *de novo* review. *In re Blehm Land & Cattle Co.*, 859 F.2d 137 (10th Cir.1988). In addition, mixed questions of law and fact are subject to *de novo* review if such questions involve "primarily a consideration of legal principles." *Matter of Tri-State Equipment, Inc.*, 792 F.2d 967, 970 (10th Cir.1986). The decision to reopen a bankruptcy case is within the sound discretion of the bankruptcy court, and therefore our review of the bankruptcy court's decision not to reopen debtor's bankruptcy case is governed by an abuse of discretion standard. *In re Case*, 937 F.2d 1014 (5th Cir.1991).

*III. Factual Background*

The facts in this matter are not in dispute. Debtor, an attorney, filed his Chapter 7 bankruptcy petition and schedules on May 28, 1992. On his schedules, debtor listed certain office equipment as exempt property pursuant to the tools of the trade exemption of K.S.A. § 60–2304(e) and listed Home State Bank ("Home State") as a secured creditor. Home State holds a nonpossessory, nonpurchase money security interest in the office furnishings and equipment listed as exempt property on debtor's schedules. Debtor was granted a discharge pursuant to an order of the bankruptcy court dated December 18, 1993. On January 6, 1993, a final decree was entered by the bankruptcy court discharging the Chapter 7 trustee of the debtor's estate and closing the debtor's no-asset case.

Due to an oversight on the part of debtor's counsel, debtor failed to file a motion pursuant to 11 U.S.C. § 522(f) to avoid the nonpossessory, nonpurchase money lien of Home State in the office furnishings and equipment prior to five business days before the date initially set for the debtor's discharge, as required by Local Rule 4003.1 of the United States Bankruptcy Court for the District of

Kansas. After his discharge, debtor attempted to sell the office furnishings and equipment. At that time, Home State asserted its lien in the property, thus alerting debtor that Home State's lien had not been avoided.

On February 11, 1993, debtor filed his motion to reopen his bankruptcy case pursuant to 11 U.S.C. § 350(b) and Fed.R.Bankr. Proc. 5010. Debtor's motion requested an order of the Bankruptcy Court reopening his case in order to allow him to file a motion pursuant to 11 U.S.C. § 522(f) to avoid Home State's nonpossessory, nonpurchase money lien in his office furniture and equipment. Home State filed an objection asserting that the doctrine of laches should bar debtor's motion. On March 17, 1993 debtor's motion and Home State's objection thereto were heard by the Bankruptcy Court. Upon hearing statements of counsel, the bankruptcy court denied the debtor's motion and made oral findings and conclusions on the record. In essence, the bankruptcy court found that debtor's failure to comply with Local Bankruptcy Rule 4003.1 made any Section 522(f) motion untimely and precluded debtor from reopening his case for the purpose of filing such a motion.

*IV. Discussion*

■■■ The question on appeal is whether the Bankruptcy Court's denial of debtor's motion to reopen based solely on the grounds that the debtor failed to comply with Local Rule 4003.1 was an abuse of discretion. The answer to this question is found by considering whether that rule is consistent with provisions of the bankruptcy code and the Federal Rules of Bankruptcy Procedure. If not, then even though the Bankruptcy Court's decision was a correct application of the local rule the debtor is entitled to relief here because of that rule's invalidity.[1]

Bankruptcy Code Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

other cause." Although the legislative history does not address directly the issue of whether a debtor may reopen a case to avoid liens, it clearly contemplates that a trustee will be permitted to reopen a case in order to utilize his avoiding powers. "Subsection (b) permits reopening of the case to administer assets, to accord relief to the debtor, or for other cause. Though the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R.Rep. No. 595, 95 Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95 Cong., 2d Sess. 49 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835, 6294. This court agrees with those courts that have held that allowing a debtor to reopen a case to utilize his avoiding powers is consistent with both the legislative history and the express language of Section 350(b). *See Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167, 170 (Bankr.S.D.Ohio 1982); *In re Gortmaker,* 14 B.R. 66 (Bankr.D.S.D.1981).

Section 522(f) of the Bankruptcy Code gives debtors the right to avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor is entitled if such lien is a nonpossessory, nonpurchase money security interest in any implements, professional books or tools of the trade of the debtor. Section 522 does not establish a limitations period for the filing of a complaint by a debtor to avoid a lien. However, Local Bankruptcy Rule 4003.1 of the United States Bankruptcy Court for the District of Kansas provides that:

> A motion in a case under Chapter 7 to avoid nonpossessory, nonpurchase money interests or judicial liens on exempt property pursuant to Bankruptcy Code § 522(f) must be filed at least five business days before the date initially set for the debtor's discharge. Motions filed thereafter will be deemed untimely.

In denying debtor's motion to reopen his case, the bankruptcy court relied solely on

---

1. The various district courts are authorized to establish local rules of practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction. *See* Fed.

R.Bankr.P. 9029; Fed.R.Civ.P. 83. However, such local rules cannot be inconsistent with the provisions of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. *Id.*

debtor's failure to comply with Local Rule 4003.1 by filing his motion to avoid Home State's lien at least five days before the date initially set for debtor's discharge. In essence, the local rule was treated as a statute of limitations, an interpretation entirely consistent with the plain meaning of the words of the rule.

Due to the absence of a statute or uniform rule, courts have dealt with the issue of when a debtor must file a complaint under Section 522(f) in a variety of ways. Analyzing the various cases, the Seventh Circuit noted that "[t]he leading approach is permissive but incorporates an equitable defense akin to laches, so that a debtor may reopen the bankruptcy case at any time to avoid a lien absent a finding of prejudice to the creditor." *In re Bianucci*, 4 F.3d 526, 528 (7th Cir.1993).

In *In re Hall*, 22 B.R. 701 (Bankr.E.D.Pa. 1982), the court reopened a debtor's Chapter 7 case to allow the debtor to file an application to avoid judicial liens pursuant to section 522(f). The court held that cases should be reopened for consideration of a section 522(f) application unless equitable considerations dictated otherwise. *Id.* at 702. The court noted that there was nothing in the Bankruptcy Code or Rules, or the legislative history of either, to indicate that section 522(f) could be invoked only prior to discharge. The court stated that the imposition of an artificial deadline for filing a section 522(f) complaint would in fact run counter to the congressional intent of the section, that of protecting the debtor's exemption as well as his discharge. *Id.* The court further stated that it would be inconsistent with the congressional scheme of a fresh start to deprive an individual filing under the Code the opportunity to regain his exempt property and that therefore the language of the exemption should be read to allow the fullest application of its provisions. *Id.* at 703.

The court in *In re Rheinbolt*, 24 B.R. 167 (Bankr.S.D.Ohio), similarly allowed a debtor to reopen his bankruptcy case to file a section 522(f) lien avoidance complaint. The court noted the absence of any time limitations regarding section 522(f) complaints and also relied on the fact that the plain language of section 350(b) provides that a case may be reopened "to accord relief to the debtor." *Id.* at 170. The court held that because the creditor had not changed its position or detrimentally relied on debtor's failure to avoid the liens at an earlier date, equitable considerations warranted the reopening of the debtor's case. *Id.*

The court in *In re Skakalski*, 67 B.R. 448 (Bankr.W.D.Pa.1986), relied on the specific language of Section 350(b) in allowing a debtor to reopen his case to file a section 522(f) motion. The court stated that the language "appears to be a clear and specific grant of a right to the debtor and a direction to the Court, or a grant of permission to the Court to reopen a case to accord to the debtor the relief contained in the Bankruptcy Code, and is applicable in this instance." *Id.* at 451.

*In re Newton*, 15 B.R. 640 (Bankr. W.D.N.Y.1981), involved a local rule similar to the one in the present case. The debtor seeking to reopen his case had failed to comply with a local rule requiring section 522(f) motions to be made at or before the debtor's discharge hearing. The court noted that the local rule was enacted to speed the disposition of cases under the Bankruptcy Code by setting time limits during which such actions could be brought, but was not intended to be a statute of limitations. *Id.* at 641. The court found that Congress in section 522(f) had given debtors a right to avoid liens and had not put a time limit upon the exercise of that right. Furthermore, the court noted that section 350(b) permitted a case to be reopened to administer assets, to accord relief to the debtor, or for other cause. The court concluded that when section 350(b) was read in conjunction with section 522(f) it expressed a congressional intent that the debtor be given time to make the section 522(f) motion despite any local rule enacted to speed the process. *Id.* at 642. The court found that the creditors would not be prejudiced by allowing the debtor to file a section 522(f) motion, noting that all of the creditors were aware of the debtor's right to avoid their liens under section 522(f) and that the only reason the debtor's rights had not been exercised properly was because of delays on the part of the debtor's attorneys, rather than by a knowing and voluntary

waiver of rights under section 522(f) by the debtor. *Id.* at 642.

 The bankruptcy court's denial of debtor's motion to reopen based solely on the grounds that debtor failed to comply with Local Rule 4003.1, although understandable based upon the language of the local rule, was an abuse of discretion because the rule is inconsistent with the code provisions which control. We agree with the decisions cited above that, when section 350(b) is read in conjunction with section 522(f), the code contemplates that debtors may be allowed to reopen their bankruptcy cases in order to file section 522(f) motions unless equitable considerations dictate otherwise. In analyzing whether to allow a debtor to reopen his or her bankruptcy case to allow the filing of a section 522(f) motion, the Bankruptcy Court should examine the reasons for the debtor's delay, prejudice to creditors that may result from the granting of debtor's request, and other equitable considerations that may be present. A local rule that fixes timeliness as a sole criterion for denial runs counter to that charge.

Obviously, Local Rule 4003.1 was enacted to speed the disposition of bankruptcy cases by requiring section 522(f) motions to be brought within a reasonable time in order that they be considered in connection with a discharge. Such a goal is laudable, and by itself certainly in no way contravenes the purposes of the Bankruptcy Code. Compliance with the rule would eliminate the waste of time and inconvenience created for both creditors and the court when debtors fail to timely file section 522(f) motions and have to move the court to reopen their bankruptcy cases, as has occurred here.

The problem with Local Rule 4003.1 is that the express language of the rule indicates that failure to comply with the rule acts as a complete bar against granting a late filed § 522(f) motion. The rule states that § 522(f) motions "must" be filed at least five business days before the date initially set for the debtor's discharge and that "motions filed thereafter will be deemed untimely." The clear implication of that language is that failure to timely file a § 522(f) motion automatically precludes a debtor from filing such a motion at a later time, in contravention to provisions of the Bankruptcy Code.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** the Bankruptcy Court's order denying debtor's motion to reopen his bankruptcy case is reversed and remanded to the Bankruptcy Court with instructions to reconsider the matter in light of the equitable considerations set forth in this order.

**IT IS SO ORDERED.**